ORIGINAL

FAXED

Richard C. Moreno (SBN 190869)
rmoreno@murchisonlaw.com
Anastasia K. Mazzella (SBN 245201)
amazzella@murchisonlaw.com
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336

Attorneys for Defendant, FREIGHTLINER CUSTOM CHASSIS CORPORATION, sued and served herein as DOE 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND NATOLI and BARBARA NATOLI individuals,<br>Plaintiffs,<br>vs.<br>TIFFIN MOTOR HOMES, INC., and DOES 1-100, inclusive,<br>Defendants. | CASE NO. '08 CV 0879 W WMc<br>**NOTICE TO UNITED STATES DISTRICT COURT CLERK OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL**<br>[28 U.S.C. § 1441(a) and (b)]<br>(Diversity)<br>**[Filed Concurrently With Notice of Joinder and Notice of Interested Parties]** |

PLEASE TAKE NOTICE that defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION (hereinafter referred to as "FREIGHTLINER") hereby removes to this Court the state action described below:

1. On November 29, 2007, plaintiffs ROLAND NATOLI and BARBARA NATOLI ("plaintiffs") commenced an action in the Superior Court of the State of California, County of San Diego, entitled Roland Natoli and Barbara Natoli v. Tiffin Motor Homes, Inc. and Does 1 through 100, inclusive, Case No. 37-2007-00082477-CU-MC-CTL.

2. On or about December 7, 2007, plaintiffs served defendant TIFFIN MOTOR HOMES, INC. ("TIFFIN") with Summons and Complaint.

3. In March of 2008, plaintiffs filed a First Amended Complaint.

4. On or about March 17, 2008, plaintiffs filed an Amendment to Complaint designating FREIGHTLINER as "DOE 1." However, plaintiffs did not serve FREIGHTLINER with the DOE Amendment until April 22, 2008.

5. On or about April 22, 2008, plaintiffs served FREIGHTLINER with Summons, the DOE Amendment, and the First Amended Complaint. True and correct copies of the Summons, DOE Amendment, and First Amended Complaint are attached hereto and incorporated by reference herein as **Exhibit A.**

6. FREIGHTLINER filed an Answer to the First Amended Complaint on May 16, 2008 in the above-entitled state court action. A true and correct copy of the Answer is attached hereto and incorporated by reference herein as **Exhibit B**.

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, pursuant to the provisions of 28 U.S.C. §1441(a), FREIGHTLINER may remove this action to this court.

8. Diversity is established when an action "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

9. At all times relevant to this action and removal, plaintiffs have been citizens of California.

10. At all times relevant to this action and removal, corporate defendant TIFFIN has been a citizen of Alabama. TIFFIN was incorporated in Alabama in 1991 and its principal place of business is Alabama. TIFFIN's manufacturing plant and home office are located in Alabama. TIFFIN conducts the bulk of its business and is most noticeably

present in Alabama. TIFFIN has joined in this Notice of Removal of Action as indicated in the Notice of Joinder filed concurrently herewith.

11. At all time relevant to this action and removal, corporate defendant and removing party FREIGHTLINER has been a citizen of Delaware (state of incorporation) and South Carolina (principal place of business). FREIGHTLINER was incorporated in the state of Delaware in 1995. FREIGHTLINER's manufacturing plant, corporate office, employees, officers, directors, and bank accounts are located in South Carolina. FREIGHTLINER conducts the bulk of its business and is most noticeably present in South Carolina.

12. Plaintiffs have not named or served any other defendants in this action, nor have any other defendants appeared in this action to date. The remaining "DOE" defendants are wholly fictitious and sham parties against whom no relief is, or could be, sought in this action. Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the citizenship of any defendant sued under this fictitious name.

13. It is apparent from the face of the First Amended Complaint that plaintiffs seek recovery of an amount in excess of $75,000.00, exclusive of costs and interests. Plaintiffs allege they purchased a motor vehicle that suffered from nonconformities which substantially impaired its use. As a result of said nonconformities, plaintiffs seek replacement of the vehicle or restitution in the following amounts: (1) down payment of $13, 500; (2) trade-in of $4, 900; (3) payments in the total amount of $18, 107.04 as of December 2007 and continuing at the rate of $1, 131.69 per month; (4) registration fees in the amount of $1, 048; and (5) pay off of the loan on the vehicle in the amount of $165, 490.11. Plaintiffs also seek civil penalties available under the California Song-Beverly Act, Civil Code § 1790 et seq. and attorney's fees. (See Plaintiffs' First Amended Complaint, ¶ 10, attached hereto as Exhibit A.)

14. FREIGHTLINER has, therefore, met its burden of showing a reasonable probability that the amount in controversy satisfies the federal jurisdictional amount.

///

15. This petition is filed with this court within one year of the filing of the action in accordance with 28 U.S.C. § 1446 (b).

16. The United States District Court for the Southern District of California embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of California pursuant to 28 U.S.C. § 93(a)(1).

17. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of process, pleadings and orders served by or upon FREIGHTLINER in the state court action are attached as **Exhibits A and B**, and generally as "remainder of state court action.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION hereby demands trial by jury in this action.

DATED: May 16, 2008

Respectfully submitted,

**MURCHISON & CUMMING, LLP**

By: ______________________
Richard C. Moreno
Anastasia K. Mazzella
Attorneys for Defendant, FREIGHTLINER CUSTOM CHASSIS CORPORATION, sued and served herein as DOE 1

J:\RCM\28430\MTN\NOT-REMOVAL-FED CLERK

**EXHIBIT "A"**

RECEIVED SUM-100

ON FIRST
**SUMMONS** AMENDED COMPLAINT
***(CITACION JUDICIAL)***

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

APR 22 2008

MAR 18 2008

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
TIFFIN MOTOR HOMES, INC., a Corporation, and DOES 1 through 100, inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROLAND NATOLI and BARBARA NATOLI

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Diego Superior Court, Central Division
330 W. Broadway
San Diego, CA 92101

CASE NUMBER: *(Número del Caso)* 37-2007-00082477-CU-MC-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas C. Sohn, SOHN & ASSOCIATES, 619-237-7646
110 W. C Street, Suite 1300, San Diego, CA 92101

DATE: *(Fecha)* MAR 18 2008 Clerk, by *(Secretario)* K Brown, Deputy *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify)*:

3. [X] on behalf of *(specify)*: FREIGHTLINER CUSTOM CHASSIS CORP.

under:
- [ ] CCP 416.10 (corporation)
- [ ] CCP 416.20 (defunct corporation)
- [ ] CCP 416.40 (association or partnership)
- [ ] CCP 416.60 (minor)
- [ ] CCP 416.70 (conservatee)
- [ ] CCP 416.90 (authorized person)
- [ ] other *(specify)*:

4. [ ] by personal delivery on *(date)*:

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address): | FOR COURT USE ONLY |
| --- | --- |
| Douglas C. Sohn SBN 82920<br>SOHN & ASSOCIATES<br>110 W. C Street, Suite 1300<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-237-7646 FAX NO.: 858-759-4299<br>ATTORNEY FOR (Name): Plaintiffs ROLAND NATOLI and BARBARA NATOLI | FILED<br>CIVIL BUSINESS OFFICE 14<br>CENTRAL DIVISION<br>08 MAR 17 PM 2:54<br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☑ HALL OF JUSTICE, 330 W BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |
| PLAINTIFF(S)<br>ROLAND NATOLI and BARBARA NATOLI | JUDGE: William R. Nevitt, Jr. |
| DEFENDANT(S)<br>TIFFIN MOTOR HOMES, INC., et al. | DEPT: C-64 |
| **AMENDMENT TO COMPLAINT (CCP 473, 474)** | CASE NUMBER<br>37-2007-00082477-CU-MC-CTL |

Under Section 474, Code of Civil Procedure:
FICTITIOUS NAME (Court order required once case is at issue. San Diego Superior Court Rules, Division II, rule 2.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated said defendant in the complaint by the fictitious name of

DOE 1,

and having discovered the true name of the said defendant to be

FREIGHTLINER CUSTOM CHASSIS CORP.,

amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

Date: March 12, 2008

DOUGLAS C. SOHN — Attorney(s) for Plaintiff(s)

---

Under Section 473, Code of Civil Procedure:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated a ☑ defendant ☐ plaintiff in the complaint by the name of

__________,

and having discovered ☐ said name to be incorrect and the correct name is ☐ defendant also uses the name of

__________,

amends the complaint by ☐ substituting ☐ adding such name(s) wherever the name of

__________,

appears in said complaint.

Date: __________ __________ Attorney(s) for Plaintiff(s)

**ORDER**

The above amendment to the complaint is allowed.

Date: __________ __________ Judge of the Superior Court

Law Offices
**Sohn & Associates**
Douglas C. Sohn
State Bar No. 82920
110 West C Street, Suite 1300
San Diego, California 92101
(619) 237-7646
(858) 484-3365 Fax

Attorney for Plaintiffs

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN DIEGO**

| | |
|---|---|
| ROLAND NATOLI and BARBARA NATOLI,<br><br>Plaintiffs,<br><br>v.<br><br>TIFFIN MOTOR HOMES, INC., a Corporation, and DOES 1 through 100, inclusive,<br><br>Defendants. | **CASE NO: 37-2007-00082477-CU-MC-CTL**<br><br>Judge: William R. Nevitt, Jr.<br>Dept. C-64<br>Complaint Filed: November 29, 2007<br><br>FIRST AMENDED COMPLAINT FOR RESTITUTION AND DAMAGES (Song-Beverly)<br><br>JURY TRIAL DEMANDED |

**FIRST CAUSE OF ACTION**
SONG-BEVERLY ACT
(All Defendants)

PLAINTIFFS ALLEGE:

1. Plaintiffs ROLAND NATOLI and BARBARA NATOLI (hereinafter "Plaintiffs") are, and at all times mentioned herein were, married individuals and buyers or lessees of a consumer good or new motor vehicle as defined in Civil Code Section 1790 et seq..

2. Defendant TIFFIN MOTOR HOMES, INC. (hereinafter "Defendant TIFFIN") is, and at all times mentioned herein was, a corporation qualified to do business in, and doing business in, the State of California, and a manufacturer or distributor of consumer goods as defined in Civil Code Section 1790 et seq..

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

Law Offices
Sohn & Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

Does 1 through 100 and therefore sue said Defendants by such fictitious names. Plaintiffs will seek leave of court to amend this Complaint to allege their true names and capacities when the same becomes known to them. Plaintiffs are informed and believe and thereupon allege that each of said fictitiously named Defendants is responsible in some manner for Plaintiffs' damages as herein alleged.

4. Plaintiffs are informed and believe and thereupon allege that each of the defendants named herein was the agent or employee of each of the other defendants named herein and in doing those things hereinalleged was acting within the course and scope of said agency or employment.

5. On or about August 3, 2006, Plaintiffs purchased a 2006 Allegro Bay Recreational Vehicle, VIN 4UZACLBW26CX60514, manufactured or distributed by Defendant TIFFIN (hereinafter "the Vehicle") for which Defendant TIFFIN made one or more express warranties. The Vehicle was a consumer good or new motor vehicle, as defined in Civil Code 1790 et seq.. Attached hereto, for reference only, and marked "Exhibit A" is one of said express warranties.

6. Sometime after purchase, and within the warranty period, the Vehicle began to suffer from nonconformities which substantially impaired the use, value, or safety of the new motor vehicle to Plaintiffs. The nonconformities (hereinafter "the nonconformities") include, but are not limited to, the following: defective leveler jack, defective slideouts, defective engine, defective turbo hose clamp, defective DVD player, defective carpet, defective doors, defective vents, defective tow harness, defective wall paneling, defective radio, defective shower, defective windows, defective chassis charge air cooler.

7. Each of the foregoing defects was covered by one or more express warranties made by Defendant TIFFIN, including, but not limited to, Exhibit A.

8. Within the past four years, Plaintiffs delivered the Vehicle to Defendant TIFFIN's service and repair facility within the County of San Diego, for service or repair of the nonconformities.

9. Despite a reasonable number of attempts, and despite more than 30 days out of service, Defendant TIFFIN's service and repair facility has been unable to service or repair the

Law Offices
Sohn & Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

Vehicle to conform to the express warranty or warranties given by Defendant TIFFIN.

10. As a result, Plaintiffs are entitled to replacement of the Vehicle, or restitution, in the following amounts: down payment of $13,500, trade-in of $4,900, payments in the total amount of $18,107.04 as of December, 2007 and continuing at the rate of $1,131.69 per month, 2008 registration in the amount of $1,048.00 and continuing annually, and pay off of the loan on the Vehicle in the approximate amount of $165,490.11. Plaintiffs will amend this complaint to allege said amounts more particularly when they become known to them, or according to proof at the time of trial.

11. As a further result, Plaintiffs have incurred incidental damages in an amount as yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes known to them, or according to proof at the time of trial.

12. As a further result, Plaintiffs have incurred consequential damages in an amount as yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes known to them, or according to proof at the time of trial.

13. Defendant TIFFIN willfully failed to promptly repurchase or replace the Vehicle when request was made therefor, and Plaintiffs are entitled thereby to a civil penalty in the amount of twice Plaintiffs' actual damages.

14. Plaintiffs have incurred attorney's fees and costs in bringing the within action pursuant to Civil Code Section 1790 et seq., in amount as yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes known to them, or according to proof at the time of trial.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1. Replacement of the Vehicle or restitution;
2. Incidental damages according to proof;
3. Consequential damages according to proof;
4. Civil penalty;
5. Attorney's fees;

Law Offices
Sohn & Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

6.    Costs of suit;

7.    Pre-judgment and post-judgment interest at the lawful rate; and,

8.    Such other and further relief as the Court may deem just and proper.


DATED: March 5, 2008                SOHN & ASSOCIATES


                                    DOUGLAS C. SOHN
                                    Attorney for Plaintiffs

Law Offices
Sohn &
Associates
110 West C St.
Suite 1300
San Diego, CA 92101
(619) 237-7646

**PART I. NEW VEHICLE BASIC WARRANTY**

1. **COVERAGE TO PURCHASER.** This limited warranty (Limited Warranty) applies to the first purchaser (Purchaser) and does not apply to an owner other than the Purchaser. This Limited Warranty also does not apply to any rental or leased unit, or to any unit used in whole or in part for a commercial purpose.

2. **WARRANTY PERIOD AND REMEDIES.** Tiffin Motorhomes, Inc. (Tiffin) warrants that the portions of the vehicle which Tiffin manufactures or assembles shall be free from defect (Defect) in material and workmanship for the period beginning on the date of purchase and continuing for one (1) year from the date of purchase, or twelve thousand (12,000) miles, whichever occurs first (the Warranty Period). The date of purchase shall be the date that the vehicle is delivered to you.

In the event of a covered Defect during the Warranty Period, Tiffin will repair the defect or, at its option, replace parts as necessary at no charge to Purchaser, except for the items which are specifically excluded below. These are Purchaser's sole and exclusive remedies. This Limited Warranty applies only to the covered portion of the vehicle and any of its parts supplied or manufactured by Tiffin, which are defective at the time of purchase or become defective during normal use during the Warranty Period. The Defect must occur under normal use of the vehicle during the Warranty Period.

*This warranty does not apply to items and parts not manufactured or supplied by Tiffin, nor to items purchased, manufactured or installed outside the Tiffin's factory. Except as provided in this Warranty, the entire risk as to the quality and performance of the vehicle is with the Purchaser.*

3. **ITEMS COVERED.** This warranty covers the steel or aluminum frame super structure including wall paneling, decor board, headliner, foam insulation, fiberglass skin, rubber roof, and all other parts of the Hydra-Vac walls and roof. This warranty also covers the following list of equipment, some of which may also come with warranties from their respective manufacturers;

| | |
|---|---|
| Air Conditioner (dash) | Water Heater |
| Air Conditioner (roof) | Carpet |
| T.V. Antenna | Cushion Foam |
| Converter (110-12V) | Compartment Doors |
| Water Pump | Driver/Passenger Seats |
| Furnace | Electrical Systems |
| L.P. Gas Bottle | Cushion Fabric |
| Power Range Hood | Fire Extinguisher |
| Pre-finished Paneling | Faucets |
| Range | Light Fixtures |
| Refrigerator | Plumbing System |
| Sink | Switches |
| Stereo | Shower Door |
| Vacuum Cleaner | Vinyl |
| Showerhead | Sealants |
| L.P Gas Valves | Windows |
| Interior and Exterior | Fuses |
| Toilet | |

EXHIBIT A

**PROOF OF SERVICE BY MAIL**

I declare that I am employed in the County of San Diego, State of California, that I am over the age of eighteen years and not a party to the within action, and that my business address is 110 W. C Street, Suite 1300, San Diego, CA 92101.

I am readily familiar with the firm's practice of collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would, in the ordinary course of business, be deposited, with first class postage fully prepaid thereon, with the United States Postal Service that same day pursuant to Code of Civil Procedure Section 1013a. I am aware that on a motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

On March 5, 2008, I served the foregoing FIRST AMENDED COMPLAINT FOR RESTITUTION AND DAMAGES on the interested parties in this action by placing a true copy thereof, enclosed in a sealed envelope, addressed as follows, for collection and mailing on that date, following ordinary business practices:

Matthew M. Proudfout, Esq.
GATES, O'DOHERTY, GONTER & GUY
15635 Alton Parkway, Suite 260
Irvine, CA 92618

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 5th day of March, 2008, at San Diego, California.

CHERYL L. SOHN

Law Offices
Sohn & Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

**EXHIBIT B**

Richard C. Moreno (SBN 190869)
Anastasia K. Mazzella (SBN 245201)
**MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
Los Angeles, California 90017-4613
Telephone: (213) 623-7400
Facsimile: (213) 623-6336
E-Mail: rmoreno@murchisonlaw.com
amazzella@murchisonlaw.com

Attorneys for Defendant, FREIGHTLINER CUSTOM CHASSIS CORPORATION, sued and served herein as DOE 1

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO

ROLAND NATOLI and BARBARA NATOLI individuals,

Plaintiffs,

vs.

TIFFIN MOTOR HOMES, INC., and DOES 1-100, inclusive,

Defendants.

CASE NO. 37-2007-00082477-CU-MC-CTL

ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

Assigned to Hon. William R. Nevitt, Jr., Dept. C-64

Action Filed: November 29, 2007
Trial Date: None Set

Defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION, for itself and itself alone, in answer to plaintiffs' First Amended Complaint ("Complaint") on file herein, admits, denies and alleges as follows:

**GENERAL DENIAL**

1. By virtue of and pursuant to the provisions of Code of Civil Procedure section 431.30, this answering defendant generally and specifically denies each and every, all and singular, conjunctively and disjunctively, allegation contained in said Complaint, and each and every part thereof, and each and every cause of action thereof, and further specifically denies that plaintiff has been injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act or omission of this answering defendant.

## FIRST AFFIRMATIVE DEFENSE

2. As a first and separate affirmative defense to the complaint, this answering defendant alleges that each cause of action is barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

3. As a second and separate affirmative defense to the complaint, this answering defendant alleges that each of the causes of action fails to set forth facts sufficient to constitute a cause of action against this answering defendant.

## THIRD AFFIRMATIVE DEFENSE

4. As a third and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from proceeding with said causes of action for failure to provide the requisite notice to defendant regarding their warranty claims.

## FOURTH AFFIRMATIVE DEFENSE

5. As a fourth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs lack standing to sue and are not in privity with defendant.

## FIFTH AFFIRMATIVE DEFENSE

6. As a fifth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs and/or their agents acted negligently, recklessly, or intentionally in and about the matters alleged herein and to the extent that plaintiffs seek recovery for the alleged negligence, reckless and/or intentional acts and/or omissions of this answering defendant, recovery should be offset to the extent of plaintiffs' own negligent, reckless, and/or intentional actions and/or omissions.

## SIXTH AFFIRMATIVE DEFENSE

7. As a sixth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs' damages, if any, were proximately caused by the negligent, reckless, or intentional acts of third parties as to whom this answering defendant had neither the right nor the duty nor the opportunity to exercise control and who acted without the knowledge, participation, approval, or ratification of this answering defendant.

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

8. As a seventh and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are guilty of unreasonable delay in filing suit herein, which delay has caused prejudice to this answering defendant and that, therefore, this action is barred by laches.

**EIGHTH AFFIRMATIVE DEFENSE**

9. As an eighth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from asserting each and every purported cause of action in the complaint by reason of plaintiffs and their agents having ratified, consented, and approved the alleged wrongful acts and/or omissions of this answering defendant.

**NINTH AFFIRMATIVE DEFENSE**

10. As a ninth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are equitably estopped from asserting each and every purported cause of action in the complaint by reason of the acts, the omissions, and conduct of plaintiffs and/or certain of their agents upon which this answering defendant relied to its prejudice and detriment.

**TENTH AFFIRMATIVE DEFENSE**

11. As a tenth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from recovering on each and every purported cause of action by reason of waiver.

**ELEVENTH AFFIRMATIVE DEFENSE**

12. As an eleventh and separate affirmative defense to the complaint, this answering defendant alleges plaintiffs are barred from recovering on each and every purported cause of action by virtue of their unclean hands.

**TWELFTH AFFIRMATIVE DEFENSE**

13. As a twelfth and separate affirmative defense to the complaint, this answering defendant alleges that all of plaintiffs' causes of action are barred because plaintiffs and/or their

agents had the opportunity to and did fully inspect the product in question and approved of the condition of the product.

THIRTEENTH AFFIRMATIVE DEFENSE

14. As a thirteenth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs could have, by the exercise of reasonable diligence, limited or prevented their damages, if any, as a result of the alleged wrongful acts set forth in the complaint and that they have failed or refused to do so. Such failure or refusal on the part of plaintiffs constitute a failure to mitigate their damages.

FOURTEENTH AFFIRMATIVE DEFENSE

15. As a fourteenth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs were, at all times, fully apprised of all material facts regarding each and every act alleged in the complaint and that plaintiffs acted or refrained from acting with the full knowledge of all circumstances.

FIFTEENTH AFFIRMATIVE DEFENSE

16. As a fifteenth and separate affirmative defense to the complaint, this answering defendant alleges that all of the work allegedly performed by defendant was performed in a workmanlike manner, which was performed in accordance with all applicable codes, ordinances, and regulations, and was approved by all applicable municipal agencies.

SIXTEENTH AFFIRMATIVE DEFENSE

17. As a sixteenth and separate affirmative defense, this answering defendant alleges that the damages allegedly sustained by plaintiffs were the proximate result of plaintiffs' or others' misuse of the product or subsequent modification, repair and/or maintenance of the product involved.

SEVENTEENTH AFFIRMATIVE DEFENSE

18. As a seventeenth and separate affirmative defense, this answering defendant alleges that all events, happenings, and damages, if any, as set forth in the complaint were the result of an unforeseeable Act of God.

///

**EIGHTEENTH AFFIRMATIVE DEFENSE**

19. As an eighteenth and separate affirmative defense, this answering defendant alleges that defendant's product was duly inspected, approved and accepted by the plaintiffs, their agents and duly authorized representatives, payment(s) was/were made pursuant to the terms and conditions of any contracts between said persons and this defendant.

**NINETEENTH AFFIRMATIVE DEFENSE**

20. As a nineteenth and separate affirmative defense, this answering defendant alleges that the losses and damages allegedly sustained by plaintiffs, if any, were proximately caused by the intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish plaintiffs' recovery, if any, against this answering defendant.

**TWENTIETH AFFIRMATIVE DEFENSE**

21. As a twentieth and separate affirmative defense, this answering defendant alleges that, prior to and at the time of the sale herein, there was attached to the goods a conspicuous writing which clearly informed the buyer in simple and concise language that the goods were being sold pursuant to a limited warranty which is limited to repair and replacement of conditions and/or components covered under the warranty; that the entire risk as to the quality and performance of the goods was with the buyer; and that should the goods prove defective following their purchase, the buyer and not the manufacturer, distributor or retailer assumed the entire cost of all necessary servicing or repair. As a result, defendant effectively disclaimed any implied warranties, including, but not limited to, recovery of consequential damages, the implied warranty of merchantability and implied warranty of fitness for a particular purpose, and by that sale plaintiff effectively waived any such warranty.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

22. As a twenty-first and separate affirmative defense, this answering defendant alleges that any defect or nonconformity of which the plaintiffs complain in this matter was proximately caused by the unauthorized or unreasonable use of the goods by the plaintiffs following sale and delivery thereof by defendant to plaintiffs.

///

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

23. As a twenty-second and separate affirmative defense, this answering defendant alleges that the component parts which are alleged to have been defective were not expressly warranted by this responding party. Therefore, plaintiffs are barred from seeking express warranty damages against this responding party.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

24. As a twenty-third and separate affirmative defense, this answering defendant alleges that plaintiffs' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties made by this defendant.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

25. As a twenty-fourth and separate affirmative defense, this answering defendant alleges that because of plaintiffs' continued use of the vehicle, plaintiffs have waived their right to seek restitution or rescission-type damages against defendant as a matter of law.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

26. As a twenty-fifth and separate affirmative defense, this answering defendant alleges that plaintiffs have failed to provide defendant with a reasonable opportunity to repair the vehicle, thereby waiving any claim for damages.

DATED: May 16, 2008

**MURCHISON & CUMMING, LLP**

By: [signature]
Richard C. Moreno
Anastasia K. Mazzella
Attorneys for Defendant, FREIGHTLINER CUSTOM CHASSIS CORPORATION, sued and served herein as DOE 1

J:\RCM\28430\PLD\ANS-FAC-051608.AKM

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On May 16, 2008, I served true copies of the following document(s) described as **ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 16, 2008, at Los Angeles, California.

Marian R. Wahlquist

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

Douglas C. Sohn, Esq.
Sohn & Associates
110 West C Street, Suite 1300
San Diego, CA 92101
Telephone: 619-237-7646
Facsimile: 858-484-3365

Attorneys for Plaintiffs

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On May_16, 2008, I served true copies of the following document(s) described as **NOTICE TO UNITED STATES DISTRICT COURT CLERK OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2008, at Los Angeles, California.

Marian R. Wahlquist

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

Douglas C. Sohn, Esq.
Sohn & Associates
110 West C Street, Suite 1300
San Diego, CA 92101
Telephone: 619-237-7646
Facsimile: 858-484-3365

Attorneys for Plaintiffs

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

FILED 08 MAY 16 PM 3:33 CLERK, U.S. DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA BY: DEPUTY

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

ORIGINAL

FAXED

**I. (a) PLAINTIFFS**

Roland Natoli and Barbara Natoli

**(b)** County of Residence of First Listed Plaintiff San Diego

(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Sohn & Associates, 110 West "C" St., Ste. 1300, San Diego, CA 92101;619-237-7646

**DEFENDANTS**

Tiffin Motor Homes, Inc.; Freightliner Custom Chassis Corp (Doe 1)

County of Residence of First Listed Defendant San Diego

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known) **'08 CV 0879 W WMC**

Murchison & Cumming (for Freightliner), 801 S. Grand Ave., 9th Flr, Los Angeles, CA 90017;213-623-7400

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☒ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $**

CHECK YES only if demanded in complaint: **JURY DEMAND:** ☑ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE DOCKET NUMBER

DATE 5/16/08 SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # 151020 AMOUNT $350 APPLYING IFP JUDGE MAG. JUDGE

MS 5/16

JS 44 Reverse (Rev. 12/07)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

On May 16, 2008, I served true copies of the following document(s) described as **CIVIL COVER SHEET** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May 16, 2008, at Los Angeles, California.

Marian R. Wahlquist

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

| | |
|---|---|
| Douglas C. Sohn, Esq.<br>Sohn & Associates<br>110 West C Street, Suite 1300<br>San Diego, CA 92101<br>Telephone: 619-237-7646<br>Facsimile: 858-484-3365 | Attorneys for Plaintiffs |

UNITED STATES
DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 151020 - MS

May 16, 2008
15:34:25

Civ Fil Non-Pris
USAO #.: 08-CV-0879 CIVIL FILING
Judge..: THOMAS J WHELAN
Amount.: $350.00 CK
Check#.: BC68944

Total-> $350.00

FROM: ROLAND NATOLI AND BARBARA NATO
VS. TIFFIN MOTOR HOMES, INC
CIVIL FILING