1  Richard C. Moreno (SBN 190869)
   rmoreno@murchisonlaw.com
2  Anastasia K. Mazzella (SBN 245201)
   amazzella@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Defendant, FREIGHTLINER
   CUSTOM CHASSIS CORPORATION, sued
7  and served herein as DOE 1

8

9              UNITED STATE DISTRICT COURT

10           SOUTHERN DISTRICT OF CALIFORNIA

11                                   '08 CV 0879 W WMc

12  ROLAND NATOLI and BARBARA        CASE NO.
    NATOLI individuals,
13                                   **CERTIFICATE OF SERVICE OF**
                 Plaintiffs,         **NOTICE TO ADVERSE PARTY AND**
14                                   **NOTICE TO STATE SUPERIOR**
         vs.                         **COURT OF REMOVAL TO**
15                                   **FEDERAL COURT**
    TIFFIN MOTOR HOMES, INC., and
16  DOES 1-100, inclusive,           [28 U.S.C. § 1441(a) and (b)]
                                     (Diversity)
17               Defendants.

18                                   **[Filed Concurrently With Notice of**
                                     **Joinder and Notice of Removal]**
19

20

21

22      I, ANASTASIA K. MAZZELLA , do hereby declare:

23      1.    I am an attorney at law duly licensed to practice before all the courts of the

24  State of California and am admitted to practice before the United States District Court for

25  the Southern District of California.  I am an associate with the law firm of Murchison &

26  Cumming, LLP, attorneys of record for defendant FREIGHTLINER CUSTOM CHASSIS

27  CORPORATION in this action.  My business address is 801 South Grand Avenue, 9th

28

                                    1

**FILED**
MAY 1 6 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                        DEPUTY

ORIGINAL

FAXED

Floor, Los Angeles, California, where the mailing and service described below took place. I have personal knowledge of the following facts and if called as a witness, would testify competently thereto.

2.      On May 16, 2008, pursuant to 28 U.S.C. § 1446(d), my office filed with the Clerk of the Superior Court, County of San Diego, a Notice to Superior Court Clerk of Filing Removal of Action, together with a copy of the Notice of Removal of Civil Action to United States District Court and Notice of Joinder. A true and correct copy of the Notice to Superior Court Clerk of Filing Removal of Action is attached to this Certificate.

3.      On May 16, 2008, my office deposited in the U.S. Mail at Los Angeles, California, with postage fully prepaid, a copy of the Notice to Adverse Party of Removal to the United States District Court and Notice of Joinder. The Notice to Adverse Party was dated May 16, 2008. A true and correct copy of the Notice to Adverse Party is attached to this Certificate.

I declare under penalty of perjury that the foregoing is true and correct and that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed May 16, 2008, at Los Angeles, California.

_____
Anastasia K. Mazzella, Declarant

J:\RCM\28430\MTN\NOT.REMOVAL.CERT.SERVICE

1 | Richard C. Moreno (SBN 190869)
   | Anastasia K. Mazzella (SBN 245201)
2 | **MURCHISON & CUMMING, LLP**
   | 801 South Grand Avenue, 9th Floor
3 | Los Angeles, California 90017-4613
   | Telephone: (213) 623-7400
4 | Facsimile: (213) 623-6336
   | E-Mail:    rmoreno@murchisonlaw.com
5 |            amazzella@murchisonlaw.com

6 | Attorneys for Defendant, FREIGHTLINER
   | CUSTOM CHASSIS CORPORATION, sued
7 | and served herein as DOE 1

8

9 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

10 | COUNTY OF SAN DIEGO

11

| | |
|---|---|
| ROLAND NATOLI and BARBARA NATOLI individuals, | CASE NO. 37-2007-00082477-CU-MC-CTL |
| Plaintiffs, | **NOTICE TO SUPERIOR COURT CLERK OF FILING OF REMOVAL OF ACTION** |
| vs. | **[28 U.S.C. § 1441(a)]** |
| TIFFIN MOTOR HOMES, INC., and DOES 1-100, inclusive, | Assigned to Hon. William R. Nevitt, Jr., Dept. C-64 |
| Defendants. | Action Filed:    November 29, 2007 Trial Date:    None Set |

TO THE CLERK OF THE SUPERIOR COURT, COUNTY OF SAN DIEGO:

**PLEASE TAKE NOTICE** that on May 16, 2008, defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION, filed in the United States District Court for the Southern District of California its Notice of Removal of Action to said United States District Court and Notice of Joinder thereto. A true and correct copy of the Notice of Removal and Notice of Joinder are attached hereto as **Exhibit A.** The documents listed as Exhibits A and B in the Notice of Removal are part of the Court's file in this matter.

///

1

1      **PLEASE TAKE FURTHER NOTICE** that pursuant to 28 U.S.C. § 1446, the filing of

2   the Notice of Removal with the United States District Court, together with the filing of a copy

3   of said Notice with this court, effects the removal of this action and the above-captioned

4   court may proceed no further unless and until the case is remanded.

5

6   DATED: May 16, 2008                    **MURCHISON & CUMMING, LLP**

7

8                                          By: _____

9                                          Richard C. Moreno
                                           Anastasia K. Mazzella
                                           Attorneys for Defendant, FREIGHTLINER
10                                         CUSTOM CHASSIS CORPORATION, sued
                                           and served herein as DOE 1

11

12  J:\RCM\28430\MTN\NOT-REMOVAL.SUP.CT.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO SUPERIOR COURT CLERK OF FILING OF REMOVAL OF ACTION

**EXHIBIT "A"**

1  Richard C. Moreno (SBN 190869)
   rmoreno@murchisonlaw.com
2  Anastasia K. Mazzella (SBN 245201)
   amazzella@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Defendant, FREIGHTLINER
   CUSTOM CHASSIS CORPORATION, sued
7  and served herein as DOE 1

8

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12  ROLAND NATOLI and BARBARA           CASE NO.
    NATOLI individuals,
13                                       **NOTICE OF JOINDER IN NOTICE**
              Plaintiffs,                **OF REMOVAL OF ACTION**
14
                                         [28 U.S.C. § 1441(a) and (b)]
15         vs.
                                         (Diversity)
16  TIFFIN MOTOR HOMES, INC., and
    DOES 1-100, inclusive,               **[Filed Concurrently With Notice of**
17                                       **Removal and Notice of Interested**
              Defendants.                **Parties]**
18

19

20        PLEASE TAKE NOTICE that defendant TIFFIN MOTOR HOMES, INC.

21  hereby joins in defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION'S

22  Notice of Removal of the state court action described in said Notice of Removal.

23  DATED: May 15, 2008            Respectfully submitted,

24                                 **GATES, O'DOHERTY, GONTER, & GUY**

25

26                                 By: _____
                                       Matthew M. Proudfoot
27                                     Attorneys for Defendant, TIFFIN MOTOR
                                       HOME, INC.
28

                                    1

1 | DATED: May 15, 2008

**MURCHISON & CUMMING, LLP**

By: _____
Richard C. Moreno
Anastasia K. Mazzella
Attorneys for Defendant, FREIGHTLINER
CUSTOM CHASSIS CORPORATION, sued
and served herein as DOE 1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **PROOF OF SERVICE**

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3           At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Los Angeles, State of California. My business address is 801
4    South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5           On May  16 , 2008, I served true copies of the following document(s) described as
**NOTICE OF JOINDER IN NOTICE OF REMOVAL OF ACTION** on the interested parties in
6    this action as follows:

7    **SEE ATTACHED LIST**

8    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
9    and mailing, following our ordinary business practices. I am readily familiar with Murchison
& Cumming's practice for collecting and processing correspondence for mailing. On the
10   same day that the correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope with
11   postage fully prepaid.

12          I declare under penalty of perjury under the laws of the United States of America that
the foregoing is true and correct and that I am employed in the office of a member of the bar
13   of this Court at whose direction the service was made.

14          Executed on May  16 , 2008, at Los Angeles, California.

15

16          _____
                    Mariah R. Wahlquist
17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.

2

3  Douglas C. Sohn, Esq.                    Attorneys for Plaintiffs
   Sohn & Associates
4  110 West C Street, Suite 1300
   San Diego, CA  92101
   Telephone: 619-237-7646
5  Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Richard C. Moreno (SBN 190869)
   rmoreno@murchisonlaw.com
2  Anastasia K. Mazzella (SBN 245201)
   amazzella@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Defendant, FREIGHTLINER
   CUSTOM CHASSIS CORPORATION, sued
7  and served herein as DOE 1

8

9              UNITED STATES DISTRICT COURT

10          SOUTHERN DISTRICT OF CALIFORNIA

11

12 | ROLAND NATOLI and BARBARA NATOLI individuals, | CASE NO.
13 |                                               | **NOTICE TO UNITED STATES DISTRICT COURT CLERK OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL**
14 | Plaintiffs,                                   |
   | vs.                                           |
15 |                                               | [28 U.S.C. § 1441(a) and (b)]
16 | TIFFIN MOTOR HOMES, INC., and DOES 1-100, inclusive, | (Diversity)
17 | Defendants.                                   | **[Filed Concurrently With Notice of Joinder and Notice of Interested Parties]**
18

19

20

21     PLEASE TAKE NOTICE that defendant FREIGHTLINER CUSTOM CHASSIS

22 CORPORATION (hereinafter referred to as "FREIGHTLINER") hereby removes to this

23 Court the state action described below:

24     1.     On November 29, 2007, plaintiffs ROLAND NATOLI and BARBARA

25 NATOLI ("plaintiffs") commenced an action in the Superior Court of the State of

26 California, County of San Diego, entitled <u>Roland Natoli and Barbara Natoli v. Tiffin</u>

27 <u>Motor Homes, Inc. and Does 1 through 100, inclusive</u>, Case No. 37-2007-00082477-CU-

28 MC-CTL.

                                1

2. On or about December 7, 2007, plaintiffs served defendant TIFFIN MOTOR HOMES, INC. ("TIFFIN") with Summons and Complaint.

3. In March of 2008, plaintiffs filed a First Amended Complaint.

4. On or about March 17, 2008, plaintiffs filed an Amendment to Complaint designating FREIGHTLINER as "DOE 1." However, plaintiffs did not serve FREIGHTLINER with the DOE Amendment until April 22, 2008.

5. On or about April 22, 2008, plaintiffs served FREIGHTLINER with Summons, the DOE Amendment, and the First Amended Complaint. True and correct copies of the Summons, DOE Amendment, and First Amended Complaint are attached hereto and incorporated by reference herein as **Exhibit A.**

6. FREIGHTLINER filed an Answer to the First Amended Complaint on May 16, 2008 in the above-entitled state court action. A true and correct copy of the Answer is attached hereto and incorporated by reference herein as **Exhibit B.**

7. This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Therefore, pursuant to the provisions of 28 U.S.C. §1441(a), FREIGHTLINER may remove this action to this court.

8. Diversity is established when an action "is between citizens of different States." 28 U.S.C. § 1332(a)(1). Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

9. At all times relevant to this action and removal, plaintiffs have been citizens of California.

10. At all times relevant to this action and removal, corporate defendant TIFFIN has been a citizen of Alabama. TIFFIN was incorporated in Alabama in 1991 and its principal place of business is Alabama. TIFFIN's manufacturing plant and home office are located in Alabama. TIFFIN conducts the bulk of its business and is most noticeably

2

1    present in Alabama. TIFFIN has joined in this Notice of Removal of Action as indicated

2    in the Notice of Joinder filed concurrently herewith.

3        11.    At all time relevant to this action and removal, corporate defendant and

4    removing party FREIGHTLINER has been a citizen of Delaware (state of incorporation)

5    and South Carolina (principal place of business).  FREIGHTLINER was incorporated in

6    the state of Delaware in 1995.  FREIGHTLINER's manufacturing plant, corporate office,

7    employees, officers, directors, and bank accounts are located in South Carolina.

8    FREIGHTLINER conducts the bulk of its business and is most noticeably present in

9    South Carolina.

10        12.    Plaintiffs have not named or served any other defendants in this action, nor

11   have any other defendants appeared in this action to date.  The remaining "DOE"

12   defendants are wholly fictitious and sham parties against whom no relief is, or could be,

13   sought in this action.  Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the

14   citizenship of any defendant sued under this fictitious name.

15        13.    It is apparent from the face of the First Amended Complaint that plaintiffs

16   seek recovery of an amount in excess of $75,000.00, exclusive of costs and interests.

17   Plaintiffs allege they purchased a motor vehicle that suffered from nonconformities which

18   substantially impaired its use.  As a result of said nonconformities, plaintiffs seek

19   replacement of the vehicle or restitution in the following amounts: (1) down payment of

20   $13,500; (2) trade-in of $4,900; (3) payments in the total amount of $18,107.04 as of

21   December 2007 and continuing at the rate of $1,131.69 per month; (4) registration fees in

22   the amount of $1,048; and (5) pay off of the loan on the vehicle in the amount of $165,

23   490.11. Plaintiffs also seek civil penalties available under the California Song-Beverly

24   Act, Civil Code § 1790 et seq. and attorney's fees.  (See Plaintiffs' First Amended

25   Complaint, ¶ 10, attached hereto as Exhibit A.)

26        14.    FREIGHTLINER has, therefore, met its burden of showing a reasonable

27   probability that the amount in controversy satisfies the federal jurisdictional amount.

28   ///

3

1   15.   This petition is filed with this court within one year of the filing of the action
2   in accordance with 28 U.S.C. § 1446 (b).

3   16.   The United States District Court for the Southern District of California
4   embraces the county in which the state court action is now pending. Therefore, this action
5   is properly removed to the Southern District of California pursuant to 28 U.S.C. §
6   93(a)(1).

7   17.   Pursuant to 28 U.S.C. § 1446(a), true and correct copies of process, pleadings
8   and orders served by or upon FREIGHTLINER in the state court action are attached as
9   **Exhibits A and B,** and generally as "remainder of state court action.

10                        **DEMAND FOR JURY TRIAL**

11  Pursuant to Federal Rule of Civil Procedure 38, defendant FREIGHTLINER
12  CUSTOM CHASSIS CORPORATION hereby demands trial by jury in this action.

13

14  DATED: May 16, 2008              Respectfully submitted,

15                                  **MURCHISON & CUMMING, LLP**

16

17                          By: _____
18                                  Richard C. Moreno
                                    Anastasia K. Mazzella
19                                  Attorneys for Defendant, FREIGHTLINER
                                    CUSTOM CHASSIS CORPORATION,
20                                  sued and served herein as DOE 1

    J:\RCM\28430\MTN\NOT-REMOVAL-FED CLERK

21

22

23

24

25

26

27

28

**EXHIBIT "A"**

ON FIRST

**SUMMONS** AMENDED COMPLAINT
*(CITACION JUDICIAL)*

RECEIVED SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

APR 22 2008

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
TIFFIN MOTOR HOMES, INC., a Corporation, and DOES 1 through 100,
inclusive

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROLAND NATOLI and BARBARA NATOLI

MAR 1 8 2008

    You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.  A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case.  There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
    There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

    *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*
    *Hay otros requisitos legales.  Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados.  Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Central Division<br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER:<br>*(Número del Caso)*CU-MC-CTL.<br>37-2007-00082477- |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas C. Sohn, SOHN & ASSOCIATES,  619-237-7646
110 W. C Street, Suite 1300, San Diego, CA  92101

DATE:
*(Fecha)* MAR 1 8 2008                    Clerk, by _____ K Brown , Deputy
                                         *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citación usa el formulario Proof of Service of Summons, (POS-010)).*

| | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant.<br>2. ☐ as the person sued under the fictitious name of *(specify):*<br><br>3. ☒ on behalf of *(specify):* FREIGHTLINER CUSTOM CHASSIS CORP.<br>under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)<br>☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)<br>☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)<br>☐ other *(specify):*<br>4. ☐ by personal delivery on *(date):* |

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

Code of Civil Procedure §§ 412.20, 465

**SUMMONS**

www.accesslaw.com

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Douglas C. Sohn    SBN 82920<br>SOHN & ASSOCIATES<br>110 W. C Street, Suite 1300<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-237-7646    FAX NO.: 858-759-4299<br>ATTORNEY FOR (Name): Plaintiffs ROLAND NATOLI and BARBARA NATOLI | FOR COURT USE ONLY<br>FILED<br>CIVIL BUSINESS OFFICE 14<br>CENTRAL DIVISION<br><br>08 MAR 17 PM 2:54<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY. CA |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
- ☑ HALL OF JUSTICE, 330 W. BROADWAY, SAN DIEGO, CA 92101-3827
- ☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643
- ☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941
- ☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200
- ☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649

| | |
|---|---|
| PLAINTIFF(S)<br>ROLAND NATOLI and BARBARA NATOLI | JUDGE: William R. Nevitt, Jr. |
| DEFENDANT(S)<br>TIFFIN MOTOR HOMES, INC., et al. | DEPT: C-64 |
| AMENDMENT TO COMPLAINT<br>(CCP 473, 474) | CASE NUMBER<br>37-2007-00082477-CU-MC-CTL |

**Under Section 474, Code of Civil Procedure:**
FICTITIOUS NAME (Court order required once case is at issue. San Diego Superior Court Rules, Division II, rule 2.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated said defendant in the complaint by the fictitious name of

DOE 1
_____
and having discovered the true name of the said defendant to be

FREIGHTLINER CUSTOM CHASSIS CORP.
_____
amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

Date: March 12, 2008

_____
DOUGLAS C. SOHN                    Attorney(s) for Plaintiff(s)

**Under Section 473, Code of Civil Procedure:**
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated a  ☑  defendant  ☐  plaintiff in the complaint by the name of

_____
and having discovered  ☐  said name to be incorrect and the correct name is  ☐  defendant also uses the name of

_____
amends the complaint by  ☐  substituting  ☐  adding such name(s) wherever the name of

_____
appears in said complaint.

Date: _____

_____
Attorney(s) for Plaintiff(s)

**ORDER**
The above amendment to the complaint is allowed.

Date: _____

_____
Judge of the Superior Court

SDSC CIV-12(Rev 10-02)                    **AMENDMENT TO COMPLAINT**

1
Law Offices
2
**Sohn & Associates**
Douglas C. Sohn
3
State Bar No. 82920
110 West C Street, Suite 1300
San Diego, California 92101
4
(619) 237-7646
(858) 484-3365 Fax
5

Attorney for Plaintiffs
6

7

8
## SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
## COUNTY OF SAN DIEGO

10
ROLAND NATOLI and BARBARA
NATOLI,
11

12          Plaintiffs,

13    v.

14
TIFFIN MOTOR HOMES, INC., a
Corporation, and DOES 1 through 100,
15  inclusive,

16          Defendants.

17

| | |
|---|---|
| CASE NO: 37-2007-00082477-CU-MC-CTL | |
| Judge: William R. Nevitt, Jr. | |
| Dept. C-64 | |
| Complaint Filed:   November 29, 2007 | |
| FIRST AMENDED COMPLAINT FOR RESTITUTION AND DAMAGES (Song-Beverly) | |
| JURY TRIAL DEMANDED | |

## FIRST CAUSE OF ACTION
### SONG-BEVERLY ACT
(All Defendants)

PLAINTIFFS ALLEGE:

1. Plaintiffs ROLAND NATOLI and BARBARA NATOLI (hereinafter "Plaintiffs") are, and at all times mentioned herein were, married individuals and buyers or lessees of a consumer good or new motor vehicle as defined in Civil Code Section 1790 et seq..

2. Defendant TIFFIN MOTOR HOMES, INC. (hereinafter "Defendant TIFFIN") is, and at all times mentioned herein was, a corporation qualified to do business in, and doing business in, the State of California, and a manufacturer or distributor of consumer goods as defined in Civil Code Section 1790 et seq..

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

Law Offices
Sohn &
Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

-1-

FIRST AMENDED COMPLAINT

1   Does 1 through 100 and therefore sue said Defendants by such fictitious names. Plaintiffs will

2   seek leave of court to amend this Complaint to allege their true names and capacities when the

3   same becomes known to them. Plaintiffs are informed and believe and thereupon allege that

4   each of said fictitiously named Defendants is responsible in some manner for Plaintiffs'

5   damages as herein alleged.

6       4. Plaintiffs are informed and believe and thereupon allege that each of the defendants

7   named herein was the agent or employee of each of the other defendants named herein and in

8   doing those things hereinalleged was acting within the course and scope of said agency or

9   employment.

10      5. On or about August 3, 2006, Plaintiffs purchased a 2006 Allegro Bay Recreational

11  Vehicle, VIN 4UZACLBW26CX60514, manufactured or distributed by Defendant TIFFIN

12  (hereinafter "the Vehicle") for which Defendant TIFFIN made one or more express warranties.

13  The Vehicle was a consumer good or new motor vehicle, as defined in Civil Code 1790 et seq..

14  Attached hereto, for reference only, and marked "Exhibit A" is one of said express warranties.

15      6. Sometime after purchase, and within the warranty period, the Vehicle began to

16  suffer from nonconformities which substantially impaired the use, value, or safety of the new

17  motor vehicle to Plaintiffs. The nonconformities (hereinafter "the nonconformities") include,

18  but are not limited to, the following: defective leveler jack, defective slideouts, defective

19  engine, defective turbo hose clamp, defective DVD player, defective carpet, defective doors,

20  defective vents, defective tow harness, defective wall paneling, defective radio, defective

21  shower, defective windows, defective chassis charge air cooler.

22      7. Each of the foregoing defects was covered by one or more express warranties made

23  by Defendant TIFFIN, including, but not limited to, Exhibit A.

24      8. Within the past four years, Plaintiffs delivered the Vehicle to Defendant TIFFIN's

25  service and repair facility within the County of San Diego, for service or repair of the

26  nonconformities.

27      9. Despite a reasonable number of attempts, and despite more than 30 days out of

28  service, Defendant TIFFIN's service and repair facility has been unable to service or repair the

Law Offices
Sohn &
Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

-2-

FIRST AMENDED COMPLAINT

Vehicle to conform to the express warranty or warranties given by Defendant TIFFIN.

10. As a result, Plaintiffs are entitled to replacement of the Vehicle, or restitution, in the following amounts: down payment of $13,500, trade-in of $4,900, payments in the total amount of $18,107.04 as of December, 2007 and continuing at the rate of $1,131.69 per month, 2008 registration in the amount of $1,048.00 and continuing annually, and pay off of the loan on the Vehicle in the approximate amount of $165,490.11. Plaintiffs will amend this complaint to allege said amounts more particularly when they become known to them, or according to proof at the time of trial.

11. As a further result, Plaintiffs have incurred incidental damages in an amount as yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes known to them, or according to proof at the time of trial.

12. As a further result, Plaintiffs have incurred consequential damages in an amount as yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes known to them, or according to proof at the time of trial.

13. Defendant TIFFIN willfully failed to promptly repurchase or replace the Vehicle when request was made therefor, and Plaintiffs are entitled thereby to a civil penalty in the amount of twice Plaintiffs' actual damages.

14. Plaintiffs have incurred attorney's fees and costs in bringing the within action pursuant to Civil Code Section 1790 et seq., in amount as yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes known to them, or according to proof at the time of trial.

WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as follows:

1.     Replacement of the Vehicle or restitution;

2.     Incidental damages according to proof;

3.     Consequential damages according to proof;

4.     Civil penalty;

5.     Attorney's fees;

Law Offices
Sohn &
Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

-3-

FIRST AMENDED COMPLAINT

6.    Costs of suit;

7.    Pre-judgment and post-judgment interest at the lawful rate; and,

8.    Such other and further relief as the Court may deem just and proper.


DATED: March 5, 2008             SOHN & ASSOCIATES

                                 DOUGLAS C. SOHN
                                 Attorney for Plaintiffs

Law Offices
Sohn &
Associates
110 West C St.
Suite 1700
San Diego, CA 92101
(619) 237-7646

-4-

FIRST AMENDED COMPLAINT

**PART I.    NEW VEHICLE BASIC WARRANTY**

**1.    COVERAGE TO PURCHASER.** This limited warranty (Limited Warranty) applies to the first purchaser (Purchaser) and does not apply to an owner other than the Purchaser. This Limited Warranty also does not apply to any rental or leased unit, or to any unit used in whole or in part for a commercial purpose.

**2.    WARRANTY PERIOD AND REMEDIES.** Tiffin Motorhomes, Inc. (Tiffin) warrants that the portions of the vehicle which Tiffin manufactures or assembles shall be free from defect (Defect) in material and workmanship for the period beginning on the date of purchase and continuing for one (1) year from the date of purchase, or twelve thousand (12,000) miles, whichever occurs first (the Warranty Period). The date of purchase shall be the date that the vehicle is delivered to you.

In the event of a covered Defect during the Warranty Period, Tiffin will repair the defect or, at its option, replace parts as necessary at no charge to Purchaser, except for the items which are specifically excluded below. These are Purchaser's sole and exclusive remedies. This Limited Warranty applies only to the covered portion of the vehicle and any of its parts supplied or manufactured by Tiffin, which are defective at the time of purchase or become defective during normal use during the Warranty Period. The Defect must occur under normal use of the vehicle during the Warranty Period.

*This warranty does not apply to items and parts not manufactured or supplied by Tiffin, nor to items purchased, manufactured or installed outside the Tiffin's factory. Except as provided in this Warranty, the entire risk as to the quality and performance of the vehicle is with the Purchaser.*

**3.    ITEMS COVERED.** This warranty covers the steel or aluminum frame super structure including wall paneling, decor board, headliner, foam insulation, fiberglass skin, rubber roof, and all other parts of the Hydra-Vac walls and roof. This warranty also covers the following list of equipment, some of which may also come with warranties from their respective manufacturers:

| | |
|---|---|
| Air Conditioner (dash) | Water Heater |
| Air Conditioner (roof) | Carpet |
| T.V. Antenna | Cushion Foam |
| Converter (110-12V) | Compartment Doors |
| Water Pump | Driver/Passenger Seats |
| Furnace | Electrical Systems |
| L.P. Gas Bottle | Cushion Fabric |
| Power Range Hood | Fire Extinguisher |
| Pre-finished Paneling | Faucets |
| Range | Light Fixtures |
| Refrigerator | Plumbing System |
| Sink | Switches |
| Stereo | Shower Door |
| Vacuum Cleaner | Vinyl |
| Showerhead | Sealants |
| L.P. Gas Valves | Windows |
| Interior and Exterior | Fuses |
| Toilet | |

2
EXHIBIT A

**PROOF OF SERVICE BY MAIL**

1

2

3      I declare that I am employed in the County of San Diego, State of California, that I am

4  over the age of eighteen years and not a party to the within action, and that my business address

5  is 110 W. C Street, Suite 1300, San Diego, CA 92101.

6      I am readily familiar with the firm's practice of collection and processing of

7  correspondence for mailing with the United States Postal Service.  Under that practice, it

8  would, in the ordinary course of business, be deposited, with first class postage fully prepaid

9  thereon, with the United States Postal Service that same day pursuant to Code of Civil

10 Procedure Section 1013a.  I am aware that on a motion of party served, service is presumed

11 invalid if postal cancellation date or postage meter date is more than one day after date of

12 deposit for mailing affidavit.

13     On March 5, 2008, I served the foregoing FIRST AMENDED COMPLAINT FOR

14 RESTITUTION AND DAMAGES on the interested parties in this action by placing a true copy

15 thereof, enclosed in a sealed envelope, addressed as follows, for collection and mailing on that

16 date, following ordinary business practices:

17     Matthew M. Proudfoot, Esq.

18     GATES, O'DOHERTY, GONTER & GUY

19     15635 Alton Parkway, Suite 260
       Irvine, CA 92618

20     I declare under penalty of perjury that the foregoing is true and correct.

21     Executed this 5th day of March, 2008, at San Diego, California.

22

23

24     CHERYL L. SOHN

25

26

Law Offices
Sohn &
Associates   27
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646   28

FIRST AMENDED COMPLAINT                    -5-

**EXHIBIT B**

1  Richard C. Moreno (SBN 190869)
   Anastasia K. Mazzella (SBN 245201)
2  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
3  Los Angeles, California  90017-4613
   Telephone: (213) 623-7400
4  Facsimile: (213) 623-6336
   E-Mail:   rmoreno@murchisonlaw.com
5             amazzella@murchisonlaw.com

6  Attorneys for Defendant, FREIGHTLINER
   CUSTOM CHASSIS CORPORATION, sued
7  and served herein as DOE 1

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN DIEGO

10

11  ROLAND NATOLI and BARBARA          CASE NO. 37-2007-00082477-CU-MC-
    NATOLI individuals,                CTL
12
              Plaintiffs,              ANSWER TO FIRST AMENDED
13                                     COMPLAINT ON BEHALF OF
         vs.                           FREIGHTLINER CUSTOM CHASSIS
14                                     CORPORATION
    TIFFIN MOTOR HOMES, INC., and
15  DOES 1-100, inclusive,             Assigned to Hon. William R. Nevitt, Jr.,
                                       Dept. C-64
16            Defendants.
                                       Action Filed:    November 29, 2007
17                                     Trial Date:      None Set

18

19       Defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION, for itself and itself

20  alone, in answer to plaintiffs' First Amended Complaint ("Complaint") on file herein, admits,

21  denies and alleges as follows:

22                          <u>**GENERAL DENIAL**</u>

23       1.    By virtue of and pursuant to the provisions of Code of Civil Procedure section

24  431.30, this answering defendant generally and specifically denies each and every, all and

25  singular, conjunctively and disjunctively, allegation contained in said Complaint, and each and

26  every part thereof, and each and every cause of action thereof, and further specifically denies

27  that plaintiff has been injured or damaged in the sum alleged, or in any other sum, or at all, by

28  reason of any carelessness, negligence, act or omission of this answering defendant.

                                         1
    ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1

### FIRST AFFIRMATIVE DEFENSE

2      2.     As a first and separate affirmative defense to the complaint, this answering

3 defendant alleges that each cause of action is barred by the applicable statute of limitations.

4

### SECOND AFFIRMATIVE DEFENSE

5      3.     As a second and separate affirmative defense to the complaint, this answering

6 defendant alleges that each of the causes of action fails to set forth facts sufficient to constitute

7 a cause of action against this answering defendant.

8

### THIRD AFFIRMATIVE DEFENSE

9      4.     As a third and separate affirmative defense to the complaint, this answering

10 defendant alleges that plaintiffs are barred from proceeding with said causes of action for failure

11 to provide the requisite notice to defendant regarding their warranty claims.

12

### FOURTH AFFIRMATIVE DEFENSE

13      5.     As a fourth and separate affirmative defense to the complaint, this answering

14 defendant alleges that plaintiffs lack standing to sue and are not in privity with defendant.

15

### FIFTH AFFIRMATIVE DEFENSE

16      6.     As a fifth and separate affirmative defense to the complaint, this answering

17 defendant alleges that plaintiffs and/or their agents acted negligently, recklessly, or intentionally

18 in and about the matters alleged herein and to the extent that plaintiffs seek recovery for the

19 alleged negligence, reckless and/or intentional acts and/or omissions of this answering

20 defendant, recovery should be offset to the extent of plaintiffs' own negligent, reckless, and/or

21 intentional actions and/or omissions.

22

### SIXTH AFFIRMATIVE DEFENSE

23      7.     As a sixth and separate affirmative defense to the complaint, this answering

24 defendant alleges that plaintiffs' damages, if any, were proximately caused by the negligent,

25 reckless, or intentional acts of third parties as to whom this answering defendant had neither

26 the right nor the duty nor the opportunity to exercise control and who acted without the

27 knowledge, participation, approval, or ratification of this answering defendant.

28 ///

### SEVENTH AFFIRMATIVE DEFENSE

8.    As a seventh and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are guilty of unreasonable delay in filing suit herein, which delay has caused prejudice to this answering defendant and that, therefore, this action is barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE

9.    As an eighth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from asserting each and every purported cause of action in the complaint by reason of plaintiffs and their agents having ratified, consented, and approved the alleged wrongful acts and/or omissions of this answering defendant.

### NINTH AFFIRMATIVE DEFENSE

10.    As a ninth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are equitably estopped from asserting each and every purported cause of action in the complaint by reason of the acts, the omissions, and conduct of plaintiffs and/or certain of their agents upon which this answering defendant relied to its prejudice and detriment.

### TENTH AFFIRMATIVE DEFENSE

11.    As a tenth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from recovering on each and every purported cause of action by reason of waiver.

### ELEVENTH AFFIRMATIVE DEFENSE

12.    As an eleventh and separate affirmative defense to the complaint, this answering defendant alleges plaintiffs are barred from recovering on each and every purported cause of action by virtue of their unclean hands.

### TWELFTH AFFIRMATIVE DEFENSE

13.    As a twelfth and separate affirmative defense to the complaint, this answering defendant alleges that all of plaintiffs' causes of action are barred because plaintiffs and/or their

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1    agents had the opportunity to and did fully inspect the product in question and approved of the

2    condition of the product.

### THIRTEENTH AFFIRMATIVE DEFENSE

4        14.    As a thirteenth and separate affirmative defense to the complaint, this answering

5    defendant alleges that plaintiffs could have, by the exercise of reasonable diligence, limited or

6    prevented their damages, if any, as a result of the alleged wrongful acts set forth in the

7    complaint and that they have failed or refused to do so.  Such failure or refusal on the part of

8    plaintiffs constitute a failure to mitigate their damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

10       15.    As a fourteenth and separate affirmative defense to the complaint, this answering

11   defendant alleges that plaintiffs were, at all times, fully apprised of all material facts regarding

12   each and every act alleged in the complaint and that plaintiffs acted or refrained from acting

13   with the full knowledge of all circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

15       16.    As a fifteenth and separate affirmative defense to the complaint, this answering

16   defendant alleges that all of the work allegedly performed by defendant was performed in a

17   workmanlike manner, which was performed in accordance with all applicable codes,

18   ordinances, and regulations, and was approved by all applicable municipal agencies.

### SIXTEENTH AFFIRMATIVE DEFENSE

20       17.    As a sixteenth and separate affirmative defense, this answering defendant alleges

21   that the damages allegedly sustained by plaintiffs were the proximate result of plaintiffs' or

22   others' misuse of the product or subsequent modification, repair and/or maintenance of the

23   product involved.

### SEVENTEENTH AFFIRMATIVE DEFENSE

25       18.    As a seventeenth and separate affirmative defense, this answering defendant

26   alleges that all events, happenings, and damages, if any, as set forth in the complaint were the

27   result of an unforeseeable Act of God.

28   / / /

4

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

## EIGHTEENTH AFFIRMATIVE DEFENSE

19.   As an eighteenth and separate affirmative defense, this answering defendant alleges that defendant's product was duly inspected, approved and accepted by the plaintiffs, their agents and duly authorized representatives, payment(s) was/were made pursuant to the terms and conditions of any contracts between said persons and this defendant.

## NINETEENTH AFFIRMATIVE DEFENSE

20.   As a nineteenth and separate affirmative defense, this answering defendant alleges that the losses and damages allegedly sustained by plaintiffs, if any, were proximately caused by the intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish plaintiffs' recovery, if any, against this answering defendant.

## TWENTIETH AFFIRMATIVE DEFENSE

21.   As a twentieth and separate affirmative defense, this answering defendant alleges that, prior to and at the time of the sale herein, there was attached to the goods a conspicuous writing which clearly informed the buyer in simple and concise language that the goods were being sold pursuant to a limited warranty which is limited to repair and replacement of conditions and/or components covered under the warranty; that the entire risk as to the quality and performance of the goods was with the buyer; and that should the goods prove defective following their purchase, the buyer and not the manufacturer, distributor or retailer assumed the entire cost of all necessary servicing or repair. As a result, defendant effectively disclaimed any implied warranties, including, but not limited to, recovery of consequential damages, the implied warranty of merchantability and implied warranty of fitness for a particular purpose, and by that sale plaintiff effectively waived any such warranty.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22.   As a twenty-first and separate affirmative defense, this answering defendant alleges that any defect or nonconformity of which the plaintiffs complain in this matter was proximately caused by the unauthorized or unreasonable use of the goods by the plaintiffs following sale and delivery thereof by defendant to plaintiffs.

/ / /

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1

## TWENTY-SECOND AFFIRMATIVE DEFENSE

2     23.   As a twenty-second and separate affirmative defense, this answering defendant

3 alleges that the component parts which are alleged to have been defective were not expressly

4 warranted by this responding party.  Therefore, plaintiffs are barred from seeking express

5 warranty damages against this responding party.

6

## TWENTY-THIRD AFFIRMATIVE DEFENSE

7     24.   As a twenty-third and separate affirmative defense, this answering defendant

8 alleges that plaintiffs' cause of action for breach of express warranty and incidental and

9 consequential damages is barred by the express disclaimers and limitations of liability

10 contained in the alleged express warranties made by this defendant.

11

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

12     25.   As a twenty-fourth and separate affirmative defense, this answering defendant

13 alleges that because of plaintiffs' continued use of the vehicle, plaintiffs have waived their right

14 to seek restitution or rescission-type damages against defendant as a matter of law.

15

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

16     26.   As a twenty-fifth and separate affirmative defense, this answering defendant

17 alleges that plaintiffs have failed to provide defendant with a reasonable opportunity to repair

18 the vehicle, thereby waiving any claim for damages.

19 DATED: May 16, 2008            **MURCHISON & CUMMING, LLP**

20

21                              By: _____

22                              Richard C. Moreno
                               Anastasia K. Mazzella
                               Attorneys for Defendant, FREIGHTLINER
23                              CUSTOM CHASSIS CORPORATION, sued
                               and served herein as DOE 1

24 J:\RCM\28430\PLD\ANS-FAC-051608.AKM

25

26

27

28

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1

## PROOF OF SERVICE

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3      At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 801
4 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5      On May ___, 2008, I served true copies of the following document(s) described as
**ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS**
6 **CORPORATION** on the interested parties in this action as follows:

7                         **SEE ATTACHED LIST**

8 **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection
9 and mailing, following our ordinary business practices.  I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing.  On the
10 same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with
11 postage fully prepaid.

12      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

13
     Executed on May ___, 2008, at Los Angeles, California.
14

15

16                                    _____
                                    Marian R. Wahlquist
17

18

19

20

21

22

23

24

25

26

27

28

_____
ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

2

Douglas C. Sohn, Esq.                          Attorneys for Plaintiffs

3   Sohn & Associates
    110 West C Street, Suite 1300
4   San Diego, CA  92101
    Telephone: 619-237-7646
5   Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801
4  South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5       On May  14  2008, I served true copies of the following document(s) described as
**NOTICE TO SUPERIOR COURT CLERK OF FILING OF REMOVAL OF ACTION** on the
6  interested parties in this action as follows:

7                             **SEE ATTACHED LIST**

8  BY MAIL:  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
9  and mailing, following our ordinary business practices.  I am readily familiar with Murchison
& Cumming's practice for collecting and processing correspondence for mailing.  On the
10  same day that the correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope with
11  postage fully prepaid.

12       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

13
     Executed on May  16  , 2008, at Los Angeles, California.
14

15

16                                    Marian R. Wahlquist

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO SUPERIOR COURT CLERK OF FILING OF REMOVAL OF ACTION

1

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

2

Douglas C. Sohn, Esq.                                    Attorneys for Plaintiffs
3   Sohn & Associates
110 West C Street, Suite 1300
4   San Diego, CA 92101
Telephone: 619-237-7646
5   Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE TO SUPERIOR COURT CLERK OF FILING OF REMOVAL OF ACTION

1  Richard C. Moreno (SBN 190869)
   Anastasia K. Mazzella (SBN 245201)
2  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
3  Los Angeles, California  90017-4613
   Telephone: (213) 623-7400
4  Facsimile: (213) 623-6336
   E-Mail:   rmoreno@murchisonlaw.com
5             amazzella@murchisonlaw.com

6  Attorneys for Defendant, FREIGHTLINER
   CUSTOM CHASSIS CORPORATION, sued
7  and served herein as DOE 1

8

9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

10                          COUNTY OF SAN DIEGO

11

12  ROLAND NATOLI and BARBARA          CASE NO. 37-2007-00082477-CU-MC-
    NATOLI individuals,               CTL
13
              Plaintiffs,             **NOTICE TO ADVERSE PARTY RE
14                                    REMOVAL OF ACTION TO UNITED
         vs.                          STATES DISTRICT COURT**
15
    TIFFIN MOTOR HOMES, INC., and     Assigned to Hon. William R. Nevitt, Jr.,
16  DOES 1-100, inclusive,            Dept. C-64
17            Defendants.             Action Filed:    November 29, 2007
                                      Trial Date:      None Set
18

19

20

21  TO PLAINTIFFS ROLAND NATOLI AND BARBARA NATOLI AND TO THEIR COUNSEL OF

22  RECORD:

23       **PLEASE TAKE NOTICE** that a Notice of Removal of Action and Notice of Joinder

24  were filed in the United States District Court for the Southern District of California, on May

25  16, 2008.

26  / / /

27  / / /

28  / / /

                                        1
NOTICE TO ADVERSE PARTY RE REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1       Copies of the Notice of Removal and Notice of Joinder are attached to this Notice

2 and are served and filed herewith.

3 DATED: May 16, 2008         **MURCHISON & CUMMING, LLP**

4

5               By: _____

                    Richard C. Moreno

6                     Anastasia K. Mazzella

                    Attorneys for Defendant, FREIGHTLINER

7                     CUSTOM CHASSIS CORPORATION, sued

                    and served herein as DOE 1

8

9 J:\RCM\28430\MTN\NOT-REMOVAL.PLTF

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY RE REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1  Richard C. Moreno (SBN 190869)
   rmoreno@murchisonlaw.com
2  Anastasia K. Mazzella (SBN 245201)
   amazzella@murchisonlaw.com
3  **MURCHISON & CUMMING, LLP**
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California 90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336

6  Attorneys for Defendant, FREIGHTLINER
   CUSTOM CHASSIS CORPORATION, sued
7  and served herein as DOE 1

8

9                    UNITED STATES DISTRICT COURT

10              SOUTHERN DISTRICT OF CALIFORNIA

11

12  ROLAND NATOLI and BARBARA          CASE NO.
    NATOLI individuals,
13                                     **NOTICE OF JOINDER IN NOTICE**
                                       **OF REMOVAL OF ACTION**
14           Plaintiffs,
                                       [28 U.S.C. § 1441(a) and (b)]
15      vs.
                                       (Diversity)
16  TIFFIN MOTOR HOMES, INC., and
    DOES 1-100, inclusive,             **[Filed Concurrently With Notice of**
17                                     **Removal and Notice of Interested**
            Defendants.                **Parties]**
18

19

20       PLEASE TAKE NOTICE that defendant TIFFIN MOTOR HOMES, INC.

21  hereby joins in defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION'S

22  Notice of Removal of the state court action described in said Notice of Removal.

23  DATED: May 15, 2008          Respectfully submitted,

24                               **GATES, O'DOHERTY, GONTER, & GUY**

25

26                               By: _____
                                     Matthew M. Proudfoot
27                                   Attorneys for Defendant, TIFFIN MOTOR
                                     HOME, INC.
28

                                    1

1  DATED: May 15, 2008                    **MURCHISON & CUMMING, LLP**

2

3                                         By: _____
                                              Richard C. Moreno
4                                             Anastasia K. Mazzella
                                              Attorneys for Defendant, FREIGHTLINER
5                                             CUSTOM CHASSIS CORPORATION, sued
                                              and served herein as DOE 1
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **PROOF OF SERVICE**

2    STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3          At the time of service, I was over 18 years of age and not a party to this action.  I am
     employed in the County of Los Angeles, State of California.  My business address is 801
4    South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5          On May __16__, 2008, I served true copies of the following document(s) described as
     **NOTICE OF JOINDER IN NOTICE OF REMOVAL OF ACTION** on the interested parties in
6    this action as follows:

7                    **SEE ATTACHED LIST**

8    **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
     persons at the addresses listed in the Service List and placed the envelope for collection
9    and mailing, following our ordinary business practices.  I am readily familiar with Murchison
     & Cumming's practice for collecting and processing correspondence for mailing.  On the
10   same day that the correspondence is placed for collection and mailing, it is deposited in the
     ordinary course of business with the United States Postal Service, in a sealed envelope with
11   postage fully prepaid.

12         I declare under penalty of perjury under the laws of the United States of America that
     the foregoing is true and correct and that I am employed in the office of a member of the bar
13   of this Court at whose direction the service was made.

14         Executed on May __16__, 2008, at Los Angeles, California.

15

16                              _____
                                Marian R. Wahlquist
17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

2

Douglas C. Sohn, Esq.                                    Attorneys for Plaintiffs
3   Sohn & Associates
110 West C Street, Suite 1300
4   San Diego, CA 92101
Telephone: 619-237-7646
5   Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 | Richard C. Moreno (SBN 190869)
rmoreno@murchisonlaw.com
2 | Anastasia K. Mazzella (SBN 245201)
amazzella@murchisonlaw.com
3 | **MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
4 | Los Angeles, California 90017-4613
Telephone: (213) 623-7400
5 | Facsimile: (213) 623-6336

6 | Attorneys for Defendant, FREIGHTLINER
CUSTOM CHASSIS CORPORATION, sued
7 | and served herein as DOE 1

8

9 | UNITED STATES DISTRICT COURT

10 | SOUTHERN DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12 ROLAND NATOLI and BARBARA NATOLI individuals, | CASE NO. |
| 13 Plaintiffs, | **NOTICE TO UNITED STATES DISTRICT COURT CLERK OF REMOVAL OF ACTION; DEMAND FOR JURY TRIAL** |
| 14 vs. | |
| 15 TIFFIN MOTOR HOMES, INC., and DOES 1-100, inclusive, | [28 U.S.C. § 1441(a) and (b)] |
| 16 | (Diversity) |
| 17 Defendants. | **[Filed Concurrently With Notice of Joinder and Notice of Interested Parties]** |

19

20

21    PLEASE TAKE NOTICE that defendant FREIGHTLINER CUSTOM CHASSIS

22 CORPORATION (hereinafter referred to as "FREIGHTLINER") hereby removes to this

23 Court the state action described below:

24    1.    On November 29, 2007, plaintiffs ROLAND NATOLI and BARBARA

25 NATOLI ("plaintiffs") commenced an action in the Superior Court of the State of

26 California, County of San Diego, entitled <u>Roland Natoli and Barbara Natoli v. Tiffin</u>

27 <u>Motor Homes, Inc. and Does 1 through 100, inclusive</u>, Case No. 37-2007-00082477-CU-

28 MC-CTL.

1

2.      On or about December 7, 2007, plaintiffs served defendant TIFFIN MOTOR HOMES, INC. ("TIFFIN") with Summons and Complaint.

3.      In March of 2008, plaintiffs filed a First Amended Complaint.

4.      On or about March 17, 2008, plaintiffs filed an Amendment to Complaint designating FREIGHTLINER as "DOE 1."   However, plaintiffs did not serve FREIGHTLINER with the DOE Amendment until April 22, 2008.

5.      On or about April 22, 2008, plaintiffs served FREIGHTLINER with Summons, the DOE Amendment, and the First Amended Complaint.  True and correct copies of the Summons, DOE Amendment, and First Amended Complaint are attached hereto and incorporated by reference herein as **Exhibit A.**

6.      FREIGHTLINER filed an Answer to the First Amended Complaint on May 16, 2008 in the above-entitled state court action.  A true and correct copy of the Answer is attached hereto and incorporated by reference herein as **Exhibit B.**

7.      This action is a civil action over which this Court has original jurisdiction under 28 U.S.C. §1332, in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.  Therefore, pursuant to the provisions of 28 U.S.C. §1441(a), FREIGHTLINER may remove this action to this court.

8.      Diversity is established when an action "is between citizens of different States." 28 U.S.C. § 1332(a)(1).  Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. §1332(c)(1).

9.      At all times relevant to this action and removal, plaintiffs have been citizens of California.

10.     At all times relevant to this action and removal, corporate defendant TIFFIN has been a citizen of Alabama.  TIFFIN was incorporated in Alabama in 1991 and its principal place of business is Alabama.  TIFFIN's manufacturing plant and home office are located in Alabama.  TIFFIN conducts the bulk of its business and is most noticeably

1  present in Alabama. TIFFIN has joined in this Notice of Removal of Action as indicated

2  in the Notice of Joinder filed concurrently herewith.

3      11.   At all time relevant to this action and removal, corporate defendant and

4  removing party FREIGHTLINER has been a citizen of Delaware (state of incorporation)

5  and South Carolina (principal place of business). FREIGHTLINER was incorporated in

6  the state of Delaware in 1995. FREIGHTLINER's manufacturing plant, corporate office,

7  employees, officers, directors, and bank accounts are located in South Carolina.

8  FREIGHTLINER conducts the bulk of its business and is most noticeably present in

9  South Carolina.

10      12.   Plaintiffs have not named or served any other defendants in this action, nor

11  have any other defendants appeared in this action to date.  The remaining "DOE"

12  defendants are wholly fictitious and sham parties against whom no relief is, or could be,

13  sought in this action.  Pursuant to 28 U.S.C. § 1441(a), this Court should disregard the

14  citizenship of any defendant sued under this fictitious name.

15      13.   It is apparent from the face of the First Amended Complaint that plaintiffs

16  seek recovery of an amount in excess of $75,000.00, exclusive of costs and interests.

17  Plaintiffs allege they purchased a motor vehicle that suffered from nonconformities which

18  substantially impaired its use.  As a result of said nonconformities, plaintiffs seek

19  replacement of the vehicle or restitution in the following amounts: (1) down payment of

20  $13, 500; (2) trade-in of $4, 900; (3) payments in the total amount of $18, 107.04 as of

21  December 2007 and continuing at the rate of $1, 131. 69 per month; (4) registration fees in

22  the amount of $1, 048; and (5) pay off of the loan on the vehicle in the amount of $165,

23  490.11. Plaintiffs also seek civil penalties available under the California Song-Beverly

24  Act, Civil Code § 1790 et seq. and attorney's fees.  (See Plaintiffs' First Amended

25  Complaint, ¶ 10, attached hereto as Exhibit A.)

26      14.   FREIGHTLINER has, therefore, met its burden of showing a reasonable

27  probability that the amount in controversy satisfies the federal jurisdictional amount.

28  ///

15.    This petition is filed with this court within one year of the filing of the action in accordance with 28 U.S.C. § 1446 (b).

16.    The United States District Court for the Southern District of California embraces the county in which the state court action is now pending. Therefore, this action is properly removed to the Southern District of California pursuant to 28 U.S.C. § 93(a)(1).

17.    Pursuant to 28 U.S.C. § 1446(a), true and correct copies of process, pleadings and orders served by or upon FREIGHTLINER in the state court action are attached as **Exhibits A and B**, and generally as "remainder of state court action.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION hereby demands trial by jury in this action.

DATED: May 16, 2008

Respectfully submitted,

**MURCHISON & CUMMING, LLP**

By: _____

Richard C. Moreno
Anastasia K. Mazzella
Attorneys for Defendant, FREIGHTLINER
CUSTOM    CHASSIS    CORPORATION,
sued and served herein as DOE 1

J:\RCM\28430\MTN\NOT-REMOVAL-FED CLERK

4

**EXHIBIT "A"**

ON FIRST

**SUMMONS** AMENDED COMPLAINT

**(CITACION JUDICIAL)**

RECEIVED SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

APR 22 2008

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*
TIFFIN MOTOR HOMES, INC., a Corporation, and DOES 1 through 100,
inclusive

MAR 1 8 2008

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ROLAND NATOLI and BARBARA NATOLI

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>San Diego Superior Court, Central Division<br>330 W. Broadway<br>San Diego, CA 92101 | CASE NUMBER: 37-2007-00082477-<br>*(Número del Caso:* CU-MC-CTL |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas C. Sohn, SOHN & ASSOCIATES,   619-237-7646
110 W. C Street, Suite 1300, San Diego, CA  92101

| | | | |
|---|---|---|---|
| DATE:<br>*(Fecha)* MAR 1 8 2008 | Clerk, by K Brown<br>*(Secretario)* | , Deputy<br>*(Adjunto)* |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* FREIGHTLINER CUSTOM CHASSIS CORP.

under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.access1aw.com

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Douglas C. Sohn        SBN 82920<br>SOHN & ASSOCIATES<br>110 W. C Street, Suite 1300<br>San Diego, CA  92101<br>    TELEPHONE NO.: 619-237-7646    FAX NO.: 858-759-4299<br>ATTORNEY FOR *(Name)*:   Plaintiffs ROLAND NATOLI and BARBARA NATOLI | FILED<br>CIVIL BUSINESS OFFICE 14<br>CENTRAL DIVISION<br><br>08 MAR 17 PM 2: 54<br><br>CLERK-SUPERIOR COURT<br>SAN DIEGO COUNTY, CA |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>☑ HALL OF JUSTICE, 330 W BROADWAY, SAN DIEGO, CA 92101-3827<br>☐ NORTH COUNTY DIVISION, 325 S. MELROSE DR., VISTA, CA 92081-6643<br>☐ EAST COUNTY DIVISION, 250 E. MAIN ST., EL CAJON, CA 92020-3941<br>☐ RAMONA BRANCH, 1428 MONTECITO RD., RAMONA, CA 92065-5200<br>☐ SOUTH COUNTY DIVISION, 500 3RD AVE., CHULA VISTA, CA 91910-5649 | |
|---|---|

| PLAINTIFF(S)<br>ROLAND NATOLI and BARBARA NATOLI | JUDGE: William R. Nevitt, Jr. |
|---|---|
| DEFENDANT(S)<br>TIFFIN MOTOR HOMES, INC., et al. | DEPT: C-64 |

| AMENDMENT TO COMPLAINT<br>(CCP 473, 474) | CASE NUMBER<br>37-2007-00082477-CU-MC-CTL |
|---|---|

Under Section 474, Code of Civil Procedure:
FICTITIOUS NAME (Court order required once case is at issue.  San Diego Superior Court Rules, Division II, rule 2.10)

Plaintiff(s), being ignorant of the true name of a defendant when the complaint in the above-named case was filed, and having designated said defendant in the complaint by the fictitious name of

DOE I
_____
and having discovered the true name of the said defendant to be

FREIGHTLINER CUSTOM CHASSIS CORP.
_____
amends the complaint by inserting such true name in place and stead of such fictitious name wherever it appears in said complaint.

Date: March 12, 2008   _____

_____
DOUGLAS C. SOHN                    Attorney(s) for Plaintiff(s)


Under Section 473, Code of Civil Procedure:
NAME - Add or Correct (Court order required)

Plaintiff(s), having designated a  ☑ defendant  ☐ plaintiff in the complaint by the name of
_____

and having discovered  ☐ said name to be incorrect and the correct name is  ☐ defendant also uses the name of
_____

amends the complaint by  ☐ substituting  ☐ adding such name(s) wherever the name of
_____

appears in said complaint.

Date: _____

_____
                                   Attorney(s) for Plaintiff(s)

**ORDER**
The above amendment to the complaint is allowed.

Date: _____

_____
                                   Judge of the Superior Court

SDSC CIV-17 (Rev 10-02)                    **AMENDMENT TO COMPLAINT**

Law Offices
**Sohn & Associates**
Douglas C. Sohn
State Bar No. 82920
110 West C Street, Suite 1300
San Diego, California 92101
(619) 237-7646
(858) 484-3365 Fax

Attorney for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| ROLAND NATOLI and BARBARA NATOLI, <br><br> Plaintiffs, <br><br> v. <br><br> TIFFIN MOTOR HOMES, INC., a Corporation, and DOES 1 through 100, inclusive, <br><br> Defendants. | CASE NO: 37-2007-00082477-CU-MC-CTL <br><br> Judge: William R. Nevitt, Jr. <br> Dept. C-64 <br> Complaint Filed:  November 29, 2007 <br><br> FIRST AMENDED COMPLAINT FOR RESTITUTION AND DAMAGES (Song-Beverly) <br><br> JURY TRIAL DEMANDED |

### FIRST CAUSE OF ACTION
### SONG-BEVERLY ACT
### (All Defendants)

PLAINTIFFS ALLEGE:

1. Plaintiffs ROLAND NATOLI and BARBARA NATOLI (hereinafter "Plaintiffs") are, and at all times mentioned herein were, married individuals and buyers or lessees of a consumer good or new motor vehicle as defined in Civil Code Section 1790 et seq..

2. Defendant TIFFIN MOTOR HOMES, INC. (hereinafter "Defendant TIFFIN") is, and at all times mentioned herein was, a corporation qualified to do business in, and doing business in, the State of California, and a manufacturer or distributor of consumer goods as defined in Civil Code Section 1790 et seq..

3. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as

-1-

1  Does 1 through 100 and therefore sue said Defendants by such fictitious names. Plaintiffs will

2  seek leave of court to amend this Complaint to allege their true names and capacities when the

3  same becomes known to them. Plaintiffs are informed and believe and thereupon allege that

4  each of said fictitiously named Defendants is responsible in some manner for Plaintiffs'

5  damages as herein alleged.

6      4. Plaintiffs are informed and believe and thereupon allege that each of the defendants

7  named herein was the agent or employee of each of the other defendants named herein and in

8  doing those things hereinalleged was acting within the course and scope of said agency or

9  employment.

10      5. On or about August 3, 2006, Plaintiffs purchased a 2006 Allegro Bay Recreational

11  Vehicle, VIN 4UZACLBW26CX60514, manufactured or distributed by Defendant TIFFIN

12  (hereinafter "the Vehicle") for which Defendant TIFFIN made one or more express warranties.

13  The Vehicle was a consumer good or new motor vehicle, as defined in Civil Code 1790 et seq..

14  Attached hereto, for reference only, and marked "Exhibit A" is one of said express warranties.

15      6. Sometime after purchase, and within the warranty period, the Vehicle began to

16  suffer from nonconformities which substantially impaired the use, value, or safety of the new

17  motor vehicle to Plaintiffs. The nonconformities (hereinafter "the nonconformities") include,

18  but are not limited to, the following: defective leveler jack, defective slideouts, defective

19  engine, defective turbo hose clamp, defective DVD player, defective carpet, defective doors,

20  defective vents, defective tow harness, defective wall paneling, defective radio, defective

21  shower, defective windows, defective chassis charge air cooler.

22      7. Each of the foregoing defects was covered by one or more express warranties made

23  by Defendant TIFFIN, including, but not limited to, Exhibit A.

24      8. Within the past four years, Plaintiffs delivered the Vehicle to Defendant TIFFIN's

25  service and repair facility within the County of San Diego, for service or repair of the

26  nonconformities.

27      9. Despite a reasonable number of attempts, and despite more than 30 days out of

28  service, Defendant TIFFIN's service and repair facility has been unable to service or repair the

Law Offices
Sohn &
Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

-2-

FIRST AMENDED COMPLAINT

1  Vehicle to conform to the express warranty or warranties given by Defendant TIFFIN.

2      10. As a result, Plaintiffs are entitled to replacement of the Vehicle, or restitution, in the

3  following amounts: down payment of $13,500, trade-in of $4,900, payments in the total amount

4  of $18,107.04 as of December, 2007 and continuing at the rate of $1,131.69 per month, 2008

5  registration in the amount of $1,048.00 and continuing annually, and pay off of the loan on the

6  Vehicle in the approximate amount of $165,490.11. Plaintiffs will amend this complaint to

7  allege said amounts more particularly when they become known to them, or according to proof

8  at the time of trial.

9      11. As a further result, Plaintiffs have incurred incidental damages in an amount as yet

10  unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes

11  known to them, or according to proof at the time of trial.

12      12. As a further result, Plaintiffs have incurred consequential damages in an amount as

13  yet unascertained. Plaintiffs will amend this complaint to allege said amount when it becomes

14  known to them, or according to proof at the time of trial.

15      13. Defendant TIFFIN willfully failed to promptly repurchase or replace the Vehicle

16  when request was made therefor, and Plaintiffs are entitled thereby to a civil penalty in the

17  amount of twice Plaintiffs' actual damages.

18      14. Plaintiffs have incurred attorney's fees and costs in bringing the within action

19  pursuant to Civil Code Section 1790 et seq., in amount as yet unascertained. Plaintiffs will

20  amend this complaint to allege said amount when it becomes known to them, or according to

21  proof at the time of trial.

22      WHEREFORE, Plaintiffs pray judgment against Defendants, and each of them, as

23  follows:

24      1.    Replacement of the Vehicle or restitution;

25      2.    Incidental damages according to proof;

26      3.    Consequential damages according to proof;

27      4.    Civil penalty;

28      5.    Attorney's fees;

Law Offices
Sohn &
Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7846

-3-

6.    Costs of suit;

7.    Pre-judgment and post-judgment interest at the lawful rate; and,

8.    Such other and further relief as the Court may deem just and proper.


DATED: March 5, 2008                    SOHN & ASSOCIATES


                                        DOUGLAS C. SOHN
                                        Attorney for Plaintiffs

Law Offices
Sohn &
Associates
110 West C St.
Suite 1300
San Diego, CA 92101
(619) 237-7646

## PART I.    NEW VEHICLE BASIC WARRANTY

**1.    COVERAGE TO PURCHASER.** This limited warranty (Limited Warranty) applies to the first purchaser (Purchaser) and does not apply to an owner other than the Purchaser. This Limited Warranty also does not apply to any rental or leased unit, or to any unit used in whole or in part for a commercial purpose.

**2.    WARRANTY PERIOD AND REMEDIES.** Tiffin Motorhomes, Inc. (Tiffin) warrants that the portions of the vehicle which Tiffin manufactures or assembles shall be free from defect (Defect) in material and workmanship for the period beginning on the date of purchase and continuing for one (1) year from the date of purchase, or twelve thousand (12,000) miles, whichever occurs first (the Warranty Period). The date of purchase shall be the date that the vehicle is delivered to you.

In the event of a covered Defect during the Warranty Period, Tiffin will repair the defect or, at its option, replace parts as necessary at no charge to Purchaser, except for the items which are specifically excluded below. These are Purchaser's sole and exclusive remedies. This Limited Warranty applies only to the covered portion of the vehicle and any of its parts supplied or manufactured by Tiffin, which are defective at the time of purchase or become defective during normal use during the Warranty Period. The Defect must occur under normal use of the vehicle during the Warranty Period.

*This warranty does not apply to items and parts not manufactured or supplied by Tiffin, nor to items purchased, manufactured or installed outside the Tiffin's factory. Except as provided in this Warranty, the entire risk as to the quality and performance of the vehicle is with the Purchaser.*

**3.    ITEMS COVERED.** This warranty covers the steel or aluminum frame super structure including wall paneling, decor board, headliner, foam insulation, fiberglass skin, rubber roof, and all other parts of the Hydra-Vac walls and roof. This warranty also covers the following list of equipment, some of which may also come with warranties from their respective manufacturers:

| | |
|---|---|
| Air Conditioner (dash) | Water Heater |
| Air Conditioner (roof) | Carpet |
| T.V. Antenna | Cushion Foam |
| Converter (110-12V) | Compartment Doors |
| Water Pump | Driver/Passenger Seats |
| Furnace | Electrical Systems |
| L.P. Gas Bottle | Cushion Fabric |
| Power Range Hood | Fire Extinguisher |
| Pre-finished Paneling | Faucets |
| Range | Light Fixtures |
| Refrigerator | Plumbing System |
| Sink | Switches |
| Stereo | Shower Door |
| Vacuum Cleaner | Vinyl |
| Showerhead | Sealants |
| L.P Gas Valves | Windows |
| Interior and Exterior | Fuses |
| Toilet | |

**PROOF OF SERVICE BY MAIL**

1

2

3      I declare that I am employed in the County of San Diego, State of California, that I am

4 over the age of eighteen years and not a party to the within action, and that my business address

5 is 110 W. C Street, Suite 1300, San Diego, CA 92101.

6      I am readily familiar with the firm's practice of collection and processing of

7 correspondence for mailing with the United States Postal Service. Under that practice, it

8 would, in the ordinary course of business, be deposited, with first class postage fully prepaid

9 thereon, with the United States Postal Service that same day pursuant to Code of Civil

10 Procedure Section 1013a. I am aware that on a motion of party served, service is presumed

11 invalid if postal cancellation date or postage meter date is more than one day after date of

12 deposit for mailing affidavit.

13      On March 5, 2008, I served the foregoing FIRST AMENDED COMPLAINT FOR

14 RESTITUTION AND DAMAGES on the interested parties in this action by placing a true copy

15 thereof, enclosed in a sealed envelope, addressed as follows, for collection and mailing on that

16 date, following ordinary business practices:

17      Matthew M. Proudfoot, Esq.

18      GATES, O'DOHERTY, GONTER & GUY
     15635 Alton Parkway, Suite 260

19      Irvine, CA 92618

20      I declare under penalty of perjury that the foregoing is true and correct.

21      Executed this 5th day of March, 2008, at San Diego, California.

22

23

24                 CHERYL L. SOHN

25

26

27

28

Law Offices
Sohn &
Associates
110 West C St
Suite 1300
San Diego, CA 92101
(619) 237-7646

1 | Richard C. Moreno (SBN 190869)
Anastasia K. Mazzella (SBN 245201)
2 | **MURCHISON & CUMMING, LLP**
801 South Grand Avenue, 9th Floor
3 | Los Angeles, California  90017-4613
Telephone: (213) 623-7400
4 | Facsimile: (213) 623-6336
E-Mail:    rmoreno@murchisonlaw.com
5 |          amazzella@murchisonlaw.com

6 | Attorneys for Defendant, FREIGHTLINER
CUSTOM CHASSIS CORPORATION, sued
7 | and served herein as DOE 1

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | COUNTY OF SAN DIEGO

10 |

11 | ROLAND NATOLI and BARBARA
NATOLI individuals,

12 |

|         | CASE NO. 37-2007-00082477-CU-MC-CTL |

13 | Plaintiffs, | **ANSWER TO FIRST AMENDED COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION** |

14 | vs. |

15 | TIFFIN MOTOR HOMES, INC., and
DOES 1-100, inclusive, | Assigned to Hon. William R. Nevitt, Jr., Dept. C-64 |

16 | Defendants. |

17 |         | Action Filed:       November 29, 2007
Trial Date:         None Set |

18 |

19 | Defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION, for itself and itself

20 | alone, in answer to plaintiffs' First Amended Complaint ("Complaint") on file herein, admits,

21 | denies and alleges as follows:

22 | <u>**GENERAL DENIAL**</u>

23 | 1.    By virtue of and pursuant to the provisions of Code of Civil Procedure section

24 | 431.30, this answering defendant generally and specifically denies each and every, all and

25 | singular, conjunctively and disjunctively, allegation contained in said Complaint, and each and

26 | every part thereof, and each and every cause of action thereof, and further specifically denies

27 | that plaintiff has been injured or damaged in the sum alleged, or in any other sum, or at all, by

28 | reason of any carelessness, negligence, act or omission of this answering defendant.

1

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

### FIRST AFFIRMATIVE DEFENSE

2.    As a first and separate affirmative defense to the complaint, this answering defendant alleges that each cause of action is barred by the applicable statute of limitations.

### SECOND AFFIRMATIVE DEFENSE

3.    As a second and separate affirmative defense to the complaint, this answering defendant alleges that each of the causes of action fails to set forth facts sufficient to constitute a cause of action against this answering defendant.

### THIRD AFFIRMATIVE DEFENSE

4.    As a third and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from proceeding with said causes of action for failure to provide the requisite notice to defendant regarding their warranty claims.

### FOURTH AFFIRMATIVE DEFENSE

5.    As a fourth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs lack standing to sue and are not in privity with defendant.

### FIFTH AFFIRMATIVE DEFENSE

6.    As a fifth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs and/or their agents acted negligently, recklessly, or intentionally in and about the matters alleged herein and to the extent that plaintiffs seek recovery for the alleged negligence, reckless and/or intentional acts and/or omissions of this answering defendant, recovery should be offset to the extent of plaintiffs' own negligent, reckless, and/or intentional actions and/or omissions.

### SIXTH AFFIRMATIVE DEFENSE

7.    As a sixth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs' damages, if any, were proximately caused by the negligent, reckless, or intentional acts of third parties as to whom this answering defendant had neither the right nor the duty nor the opportunity to exercise control and who acted without the knowledge, participation, approval, or ratification of this answering defendant.

/ / /

2

## SEVENTH AFFIRMATIVE DEFENSE

8.    As a seventh and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are guilty of unreasonable delay in filing suit herein, which delay has caused prejudice to this answering defendant and that, therefore, this action is barred by laches.

## EIGHTH AFFIRMATIVE DEFENSE

9.    As an eighth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from asserting each and every purported cause of action in the complaint by reason of plaintiffs and their agents having ratified, consented, and approved the alleged wrongful acts and/or omissions of this answering defendant.

## NINTH AFFIRMATIVE DEFENSE

10.    As a ninth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are equitably estopped from asserting each and every purported cause of action in the complaint by reason of the acts, the omissions, and conduct of plaintiffs and/or certain of their agents upon which this answering defendant relied to its prejudice and detriment.

## TENTH AFFIRMATIVE DEFENSE

11.    As a tenth and separate affirmative defense to the complaint, this answering defendant alleges that plaintiffs are barred from recovering on each and every purported cause of action by reason of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

12.    As an eleventh and separate affirmative defense to the complaint, this answering defendant alleges plaintiffs are barred from recovering on each and every purported cause of action by virtue of their unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

13.    As a twelfth and separate affirmative defense to the complaint, this answering defendant alleges that all of plaintiffs' causes of action are barred because plaintiffs and/or their

ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

1  agents had the opportunity to and did fully inspect the product in question and approved of the

2  condition of the product.

3  ## THIRTEENTH AFFIRMATIVE DEFENSE

4      14.   As a thirteenth and separate affirmative defense to the complaint, this answering

5  defendant alleges that plaintiffs could have, by the exercise of reasonable diligence, limited or

6  prevented their damages, if any, as a result of the alleged wrongful acts set forth in the

7  complaint and that they have failed or refused to do so.  Such failure or refusal on the part of

8  plaintiffs constitute a failure to mitigate their damages.

9  ## FOURTEENTH AFFIRMATIVE DEFENSE

10      15.   As a fourteenth and separate affirmative defense to the complaint, this answering

11  defendant alleges that plaintiffs were, at all times, fully apprised of all material facts regarding

12  each and every act alleged in the complaint and that plaintiffs acted or refrained from acting

13  with the full knowledge of all circumstances.

14  ## FIFTEENTH AFFIRMATIVE DEFENSE

15      16.   As a fifteenth and separate affirmative defense to the complaint, this answering

16  defendant alleges that all of the work allegedly performed by defendant was performed in a

17  workmanlike manner, which was performed in accordance with all applicable codes,

18  ordinances, and regulations, and was approved by all applicable municipal agencies.

19  ## SIXTEENTH AFFIRMATIVE DEFENSE

20      17.   As a sixteenth and separate affirmative defense, this answering defendant alleges

21  that the damages allegedly sustained by plaintiffs were the proximate result of plaintiffs' or

22  others' misuse of the product or subsequent modification, repair and/or maintenance of the

23  product involved.

24  ## SEVENTEENTH AFFIRMATIVE DEFENSE

25      18.   As a seventeenth and separate affirmative defense, this answering defendant

26  alleges that all events, happenings, and damages, if any, as set forth in the complaint were the

27  result of an unforeseeable Act of God.

28  ///

4

ANSWER OF FREIGHTLINER CUSTOM CHASSIS CORPORATION

### EIGHTEENTH AFFIRMATIVE DEFENSE

19.   As an eighteenth and separate affirmative defense, this answering defendant alleges that defendant's product was duly inspected, approved and accepted by the plaintiffs, their agents and duly authorized representatives, payment(s) was/were made pursuant to the terms and conditions of any contracts between said persons and this defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

20.   As a nineteenth and separate affirmative defense, this answering defendant alleges that the losses and damages allegedly sustained by plaintiffs, if any, were proximately caused by the intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish plaintiffs' recovery, if any, against this answering defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

21.   As a twentieth and separate affirmative defense, this answering defendant alleges that, prior to and at the time of the sale herein, there was attached to the goods a conspicuous writing which clearly informed the buyer in simple and concise language that the goods were being sold pursuant to a limited warranty which is limited to repair and replacement of conditions and/or components covered under the warranty; that the entire risk as to the quality and performance of the goods was with the buyer; and that should the goods prove defective following their purchase, the buyer and not the manufacturer, distributor or retailer assumed the entire cost of all necessary servicing or repair. As a result, defendant effectively disclaimed any implied warranties, including, but not limited to, recovery of consequential damages, the implied warranty of merchantability and implied warranty of fitness for a particular purpose, and by that sale plaintiff effectively waived any such warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22.   As a twenty-first and separate affirmative defense, this answering defendant alleges that any defect or nonconformity of which the plaintiffs complain in this matter was proximately caused by the unauthorized or unreasonable use of the goods by the plaintiffs following sale and delivery thereof by defendant to plaintiffs.

/ / /

## TWENTY-SECOND AFFIRMATIVE DEFENSE

23.    As a twenty-second and separate affirmative defense, this answering defendant alleges that the component parts which are alleged to have been defective were not expressly warranted by this responding party.  Therefore, plaintiffs are barred from seeking express warranty damages against this responding party.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

24.    As a twenty-third and separate affirmative defense, this answering defendant alleges that plaintiffs' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties made by this defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

25.    As a twenty-fourth and separate affirmative defense, this answering defendant alleges that because of plaintiffs' continued use of the vehicle, plaintiffs have waived their right to seek restitution or rescission-type damages against defendant as a matter of law.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

26.    As a twenty-fifth and separate affirmative defense, this answering defendant alleges that plaintiffs have failed to provide defendant with a reasonable opportunity to repair the vehicle, thereby waiving any claim for damages.

DATED: May 16, 2008                    MURCHISON & CUMMING, LLP

                                       By: _____
                                       Richard C. Moreno
                                       Anastasia K. Mazzella
                                       Attorneys for Defendant, FREIGHTLINER
                                       CUSTOM CHASSIS CORPORATION, sued
                                       and served herein as DOE 1

J:\RCM\28430\PLD\ANS-FAC-051608.AKM

6

1 <u>**PROOF OF SERVICE**</u>

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       At the time of service, I was over 18 years of age and not a party to this action.  I am
employed in the County of Los Angeles, State of California.  My business address is 801
4 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5       On May _16_, 2008, I served true copies of the following document(s) described as
**ANSWER TO COMPLAINT ON BEHALF OF FREIGHTLINER CUSTOM CHASSIS**
6 **CORPORATION** on the interested parties in this action as follows:

7                       **SEE ATTACHED LIST**

8 **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
9 and mailing, following our ordinary business practices.  I am readily familiar with Murchison
& Cumming's practice for collecting and processing correspondence for mailing.  On the
10 same day that the correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope with
11 postage fully prepaid.

12       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

13
      Executed on May _16_, 2008, at Los Angeles, California.
14

15

16                              Marian R. Wahlquist

17

18

19

20

21

22

23

24

25

26

27

28

1

**SERVICE LIST**
Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.

2

Douglas C. Sohn, Esq.                                    Attorneys for Plaintiffs
3   Sohn & Associates
    110 West C Street, Suite 1300
4   San Diego, CA 92101
    Telephone: 619-237-7646
5   Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **PROOF OF SERVICE**

2  STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

3        At the time of service, I was over 18 years of age and not a party to this action.  I am
   employed in the County of Los Angeles, State of California.  My business address is 801 South
4  Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5        On May 16, 2008, I served true copies of the following document(s) described as
   NOTICE TO UNITED STATES DISTRICT COURT CLERK OF REMOVAL OF ACTION;
6  DEMAND FOR JURY TRIAL on the interested parties in this action as follows:

7                              **SEE ATTACHED LIST**

8  BY MAIL:  I enclosed the document(s) in a sealed envelope or package addressed to the
   persons at the addresses listed in the Service List and placed the envelope for collection and
9  mailing, following our ordinary business practices.  I am readily familiar with Murchison &
   Cumming's practice for collecting and processing correspondence for mailing.  On the same
10 day that the correspondence is placed for collection and mailing, it is deposited in the ordinary
   course of business with the United States Postal Service, in a sealed envelope with postage
11 fully prepaid.

12       I declare under penalty of perjury under the laws of the United States of America that the
   foregoing is true and correct and that I am employed in the office of a member of the bar of this
13 Court at whose direction the service was made.

14       Executed on May 16, 2008, at Los Angeles, California.

15

16                          Marian R. Wahlquist

17

18

19

20

21

22

23

24

25

26

27

28

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

Douglas C. Sohn, Esq.                                   Attorneys for Plaintiffs
Sohn & Associates
110 West C Street, Suite 1300
San Diego, CA  92101
Telephone: 619-237-7646
Facsimile: 858-484-3365

1             <u>**PROOF OF SERVICE**</u>

2 **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3       At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Los Angeles, State of California. My business address is 801
4 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

5       On May 14 , 2008, I served true copies of the following document(s) described as
**NOTICE TO ADVERSE PARTY RE REMOVAL OF ACTION TO UNITED STATES**
6 **DISTRICT COURT** on the interested parties in this action as follows:

7               **SEE ATTACHED LIST**

8 **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection
9 and mailing, following our ordinary business practices. I am readily familiar with Murchison
& Cumming's practice for collecting and processing correspondence for mailing. On the
10 same day that the correspondence is placed for collection and mailing, it is deposited in the
ordinary course of business with the United States Postal Service, in a sealed envelope with
11 postage fully prepaid.

12       I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

13       Executed on May 14 , 2008, at Los Angeles, California.

14

15

16                           Marian R. Wahlquist

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY RE REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

1

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

2

Douglas C. Sohn, Esq.                          Attorneys for Plaintiffs

3 Sohn & Associates
110 West C Street, Suite 1300

4 San Diego, CA  92101
Telephone: 619-237-7646

5 Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE TO ADVERSE PARTY RE REMOVAL OF ACTION TO UNITED STATES DISTRICT COURT

<u>**PROOF OF SERVICE**</u>

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

    At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California. My business address is 801 South Grand Avenue, 9th Floor, Los Angeles, California 90017-4613.

    On May _16_ 2008, I served true copies of the following document(s) described as **CERTIFICATE OF SERVICE OF NOTICE TO ADVERSE PARTY AND NOTICE TO STATE SUPERIOR COURT OF REMOVAL TO FEDERAL COURT** on the interested parties in this action as follows:

**SEE ATTACHED LIST**

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Murchison & Cumming's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on May _16_ 2008, at Los Angeles, California.

Marian R. Wahlquist

1

**SERVICE LIST**
**Natoli, et al., vs. Tiffin Motor Homes, Inc., etc., et al.**

2

Douglas C. Sohn, Esq.                    Attorneys for Plaintiffs
3  Sohn & Associates
   110 West C Street, Suite 1300
4  San Diego, CA  92101
   Telephone: 619-237-7646
5  Facsimile: 858-484-3365

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28