```
1  Richard C. Moreno (SBN 190869)
     rmoreno@murchisonlaw.com
2  Anastasia K. Mazzella (SBN 245201)
     amazzella@murchisonlaw.com
3  MURCHISON & CUMMING, LLP
   801 South Grand Avenue, 9th Floor
4  Los Angeles, California  90017-4613
   Telephone: (213) 623-7400
5  Facsimile: (213) 623-6336
6  Attorneys for Defendant/Cross-
   Defendant FREIGHTLINER CUSTOM
7  CHASSIS CORPORATION
```

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROLAND NATOLI and BARBARA NATOLI,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>TIFFIN MOTORHOMES, INC., a Corporation and DOES 1 through 100,<br><br>　　　　Defendant.<br><br>TIFFIN MOTORHOMES, INC.,<br><br>　　　　Cross-Complainant,<br><br>　vs.<br><br>FREIGHTLINER CUSTOM CHASSIS CORPORATION and ROES 1 through 10, inclusive.<br><br>　　　　Cross-Defendants. | CASE NO. 08 CV 0879 W WMc<br><br>**ANSWER OF DEFENDANT, FREIGHTLINER CUSTOM CHASSIS CORPORATION TO TIFFIN MOTORHOMES, INC.'S CROSS-COMPLAINT**<br><br>Action Filed:  November 29, 2007<br>Trial Date:    None Set. |

Defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION, for itself and itself alone, in answer to cross-complainant TIFFIN MOTORHOMES, INC.'S Cross-Complaint ("Complaint") on file herein, admits, denies and alleges as follows:

## GENERAL DENIAL

1. By virtue of and pursuant to the provisions of Code of Civil Procedure section 431.30, this answering cross-defendant generally and specifically denies each and every, all and singular, conjunctively and disjunctively, allegation contained in said Cross-Complaint, and each and every part thereof, and each and every cause of action thereof, and further specifically denies that plaintiff has been injured or damaged in the sum alleged, or in any other sum, or at all, by reason of any carelessness, negligence, act or omission of this answering cross-defendant.

## FIRST AFFIRMATIVE DEFENSE

2. As a first and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that each cause of action is barred by the applicable statute of limitations.

## SECOND AFFIRMATIVE DEFENSE

3. As a second and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that each of the causes of action fails to set forth facts sufficient to constitute a cause of action against this answering cross-defendant.

## THIRD AFFIRMATIVE DEFENSE

4. As a third and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants are barred from proceeding with said causes of action for failure to provide the requisite notice to defendant regarding their warranty claims.

### FOURTH AFFIRMATIVE DEFENSE

5.  As a fourth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants lack standing to sue and are not in privity with defendant.

### FIFTH AFFIRMATIVE DEFENSE

6.  As a fifth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants and/or their agents acted negligently, recklessly, or intentionally in and about the matters alleged herein and to the extent that cross-complainants seek recovery for the alleged negligence, reckless and/or intentional acts and/or omissions of this answering cross-defendant, recovery should be offset to the extent of cross-complainants' own negligent, reckless, and/or intentional actions and/or omissions.

### SIXTH AFFIRMATIVE DEFENSE

7.  As a sixth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants' damages, if any, were proximately caused by the negligent, reckless, or intentional acts of third parties as to whom this answering cross-defendant had neither the right nor the duty nor the opportunity to exercise control and who acted without the knowledge, participation, approval, or ratification of this answering cross-defendant.

### SEVENTH AFFIRMATIVE DEFENSE

8.  As a seventh and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants are guilty of unreasonable delay in filing suit herein, which delay has caused prejudice to this answering cross-defendant and that, therefore, this action is barred by laches.

### EIGHTH AFFIRMATIVE DEFENSE

9.  As an eighth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants are barred from asserting each and every purported cause of action in the complaint by reason of

cross-complainants and their agents having ratified, consented, and approved the alleged wrongful acts and/or omissions of this answering cross-defendant.

## NINTH AFFIRMATIVE DEFENSE

10. As a ninth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants are equitably estopped from asserting each and every purported cause of action in the complaint by reason of the acts, the omissions, and conduct of cross-complainants and/or certain of their agents upon which this answering cross-defendant relied to its prejudice and detriment.

## TENTH AFFIRMATIVE DEFENSE

11. As a tenth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants are barred from recovering on each and every purported cause of action by reason of waiver.

## ELEVENTH AFFIRMATIVE DEFENSE

12. As an eleventh and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges cross-complainants are barred from recovering on each and every purported cause of action by virtue of their unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

13. As a twelfth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that all of cross-complainants' causes of action are barred because cross-complainants and/or their agents had the opportunity to and did fully inspect the product in question and approved of the condition of the product.

## THIRTEENTH AFFIRMATIVE DEFENSE

14. As a thirteenth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants could have, by the exercise of reasonable diligence, limited or prevented their damages,

if any, as a result of the alleged wrongful acts set forth in the complaint and that they have failed or refused to do so. Such failure or refusal on the part of cross-complainants constitute a failure to mitigate their damages.

### FOURTEENTH AFFIRMATIVE DEFENSE

15.   As a fourteenth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that cross-complainants were, at all times, fully apprised of all material facts regarding each and every act alleged in the complaint and that cross-complainants acted or refrained from acting with the full knowledge of all circumstances.

### FIFTEENTH AFFIRMATIVE DEFENSE

16.   As a fifteenth and separate affirmative defense to the cross-complaint, this answering cross-defendant alleges that all of the work allegedly performed by defendant was performed in a workmanlike manner, which was performed in accordance with all applicable codes, ordinances, and regulations, and was approved by all applicable municipal agencies.

### SIXTEENTH AFFIRMATIVE DEFENSE

17.   As a sixteenth and separate affirmative defense, this answering cross-defendant alleges that the damages allegedly sustained by cross-complainants were the proximate result of cross-complainants' or others' misuse of the product or subsequent modification, repair and/or maintenance of the product involved.

### SEVENTEENTH AFFIRMATIVE DEFENSE

18.   As a seventeenth and separate affirmative defense, this answering cross-defendant alleges that all events, happenings, and damages, if any, as set forth in the complaint were the result of an unforeseeable Act of God.

### EIGHTEENTH AFFIRMATIVE DEFENSE

19.   As an eighteenth and separate affirmative defense, this answering cross-defendant alleges that defendant's product was duly inspected, approved and accepted by the cross-complainants, their agents and duly authorized

representatives, payment(s) was/were made pursuant to the terms and conditions of any contracts between said persons and this defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

20. As a nineteenth and separate affirmative defense, this answering cross-defendant alleges that the losses and damages allegedly sustained by cross-complainants, if any, were proximately caused by the intervening and superseding acts of others, which intervening and superseding acts bar and/or diminish cross-complainants' recovery, if any, against this answering cross-defendant.

### TWENTIETH AFFIRMATIVE DEFENSE

21. As a twentieth and separate affirmative defense, this answering cross-defendant alleges that, prior to and at the time of the sale herein, there was attached to the goods a conspicuous writing which clearly informed the buyer in simple and concise language that the goods were being sold pursuant to a limited warranty which is limited to repair and replacement of conditions and/or components covered under the warranty; that the entire risk as to the quality and performance of the goods was with the buyer; and that should the goods prove defective following their purchase, the buyer and not the manufacturer, distributor or retailer assumed the entire cost of all necessary servicing or repair. As a result, defendant effectively disclaimed any implied warranties, including, but not limited to, recovery of consequential damages, the implied warranty of merchantability and implied warranty of fitness for a particular purpose, and by that sale plaintiff effectively waived any such warranty.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

22. As a twenty-first and separate affirmative defense, this answering cross-defendant alleges that any defect or nonconformity of which the cross-complainants complain in this matter was proximately caused by the unauthorized

or unreasonable use of the goods by the cross-complainants following sale and delivery thereof by defendant to cross-complainants.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

23. As a twenty-second and separate affirmative defense, this answering cross-defendant alleges that the component parts which are alleged to have been defective were not expressly warranted by this responding party. Therefore, cross-complainants are barred from seeking express warranty damages against this responding party.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

24. As a twenty-third and separate affirmative defense, this answering cross-defendant alleges that cross-complainants' cause of action for breach of express warranty and incidental and consequential damages is barred by the express disclaimers and limitations of liability contained in the alleged express warranties made by this defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

25. As a twenty-fourth and separate affirmative defense, this answering cross-defendant alleges that because of cross-complainants' continued use of the vehicle, cross-complainants have waived their right to seek restitution or rescission-type damages against defendant as a matter of law.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

26. As a twenty-fifth and separate affirmative defense, this answering cross-defendant alleges that cross-complainants have failed to provide defendant with a reasonable opportunity to repair the vehicle, thereby waiving any claim for damages.

DATED: September 8, 2008        MURCHISON & CUMMING, LLP

By: _____
Richard C. Moreno
Anastasia K. Mazzella
Attorneys for Defendant/Cross-Defendant FREIGHTLINER CUSTOM CHASSIS CORPORATION

J:\RCM\28430\PLD\Answer.Tiffin XC